### F. A. ENGELKE ET AL. V. SAM SCHLENKER.

#### No. 2751.

1. **Taxation—Custom.**—The legality of an assessment of a tax on the property of a national bank which does not exceed its true value can not be affected by the custom of the assessor to assess other property at a uniform valuation less than its true value.

2. **Taxation.**—The law of Texas which provides for the taxation of national banks is constitutional, and does not conflict with the act of Congress forbidding a higher rate of taxation on national bank stock than any other moneyed capital. The real estate of the corporation is intended to be taxed in its own name, and its personal property in the names of its shareholders.

APPEAL from Washington. Tried below before Hon. C. C. Garrett. The opinion states the case.

*J. T. Swearingen,* for appellants. — 1. It was established by the evidence that it was the custom of the assessor or board of equalization of Washington County to list or assess property at a uniform valuation of about fifty per cent of its true and full value, or its value at voluntary and bona fide private sales, and the valuation of the national bank stock at one hundred cents on the dollar was illegal, and judgment should have been rendered for plaintiff.

2. The act of Congress (5219) prohibited discrimination in the valuation of national bank stock as well as rate of taxation assessed against them. The act of the Legislature allows private banks to deduct their deposits from their total resources and assesses taxes only on the remainder, while taxes are assessed against the capital stock of national banks without regard to the amount of their deposits, which is a discrimination forbidden by the act of Congress. Rev. Stats. U. S., art. 5219; Whitbeck v. Nat. Bank, 127 U. S., 193; Pelton v. Nat. Bank, 101 U. S., 143.

*Ben S. Rogers,* for appellee. — 1. The laws of this State require that all property subject to taxation shall be rendered and assessed at its true value; and the Commissioners Court, sitting as a board of equalization, is not authorized to accept or equalize the value of property at a less sum than its true value.

2. The burden of proof was on the appellants to establish by a fair preponderance of evidence that the Commissioners Court, assessor, and board of equalization had disregarded the laws in force and adopted a general rule of their own in fixing the value of taxable property at less than its true value throughout the county.

3. The introduction of proof that tended to show. that in a few instances perhaps property had been assessed or equalized at a less sum than its true value by the assessor or the board of equalization does not establish the proposition of discrimination prevailing as a rule against appellants.

4. The court will not assume from such proof that the rendition and assessment of all other property in the county was at a less valuation than was assessed against appellants. Acts 19th Leg., p. 106; Rosenberg v. Weeks, 67 Texas, 578.

5. The law of this State taxing national banks shares is constitutional and does not conflict with the act of Congress. Acts 19th Leg.; Rosenberg v. Weekes, 67 Texas, 578.

HENRY, Associate Justice. — This suit was brought to enjoin the collection of State and county taxes on shares of national bank stock, on the ground that the assessment of the taxes was in violation of the Constitution of this State as well as of the act of Congress forbidding a higher rate of taxation of national bank stock than of other moneyed capital.

It appears from the evidence and the findings of fact by the court, that plaintiffs are the holders of the capital stock of the First National Bank of Brenham, which consists of one hundred thousand dollars, divided into shares of one hundred dollars each. The shares had an intrinsic as well as market value above one hundred dollars each.

The bank owned real estate which was assessed for taxes at the value of fifteen thousand dollars.

The shareholders insisted upon their right to have the shares assessed at sixty dollars each. They were assessed at their par value, less the value of the real estate, or at eighty-five dollars each.

The plaintiffs introduced in evidence the assessments of a few parties, among them of one private banking firm, and proved that the property in each case was assessed at about one-half of its true value. They contend that it was the custom of the assessor and the board of equalization of Washington County to list or assess property at a uniform valuation of about fifty per cent of its true value.

The court found that no such custom existed. This finding is assigned as error.

The evidence above referred to was all that was offered of the existence of such a custom.

The court correctly concluded that it was not established. Even if it had been established it could not have properly affected the result of this suit. It appears that appellant's property was not assessed beyond its true value.

It is complained that our statutes that permit private banks to deduct the amount of their deposits from their taxable assets withhold that privilege from national banks, and thereby make a discrimination against the national banks.

By the Act of March 31, 1885, national banks are required to render their real estate for taxation, and at the same time to render a sworn statement showing the number and amount of the shares of said bank for the purpose of being assessed, "each share only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed."

The real estate of the corporation is intended to be taxed in its own name, and its personal property in the names of its shareholders. The law provides for it to be done through the agency of the officers of the corporation and the assessor.

The general deposits with a bank are debts against it. As was said by this court in the case of Rosenberg v. Weekes, 67 Texas, 584, "The value of a bank's shares depends upon the value of its franchise, capital, and property of all kinds, less the amount of its debts."

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered January 14, 1890.