### FIRST NAT. BANK OF CANYON v. ABERNATHY et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 11, 1913.)

1. BILLS AND NOTES (§ 484*)—ACTIONS ON CHECK—ANSWER—SUFFICIENCY.

In an action by a bank on a check drawn on another bank against the drawer and the payee, general exceptions to the maker's answer, alleging that he had agreed to loan the payee money, that it was to be obtained by him from a person indebted to him, and who was to deposit it in the drawee bank, that the check was drawn on that fund, but was not paid because such person failed to deposit the money, that plaintiff knew of the condition upon which he was to get the money when it took the check by indorsement from the payee, and that, when payment of the check was refused, the payee had checked out only a part of the money paid by plaintiff for the check, and that it immediately charged the amount to the payee, leaving an indebtedness due in the sum so checked out, which the maker tendered and offered to pay, were properly overruled.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1535–1538, 1563; Dec. Dig. § 484.*]

2. BILLS AND NOTES (§ 316*)—RIGHTS OF INDORSEE.

An indorsee of a negotiable instrument is entitled to recover from the maker or drawer

the full amount thereof, regardless of the amount paid by it therefor.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 752; Dec. Dig. § 316.*]

3. BANKS AND BANKING (§ 119*)—RELATION OF BANK AND DEPOSITOR.

Deposits in a bank are debts against it in favor of the depositor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 289–292; Dec. Dig. § 119.*]

4. BANKS AND BANKING (§ 134*)—DEPOSITS—APPLICATION TO DEBT DUE BANK.

Where a bank received a check drawn on another bank from the payee, and credited him with a deposit of the amount of the check, and upon nonpayment of the check charged him with the amount thereof, it thereby received partial satisfaction of its debt due from the maker and payee to the extent of the amount still remaining on deposit, and could recover from the maker only the amount previously checked out by the payee.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. § 134.*]

Appeal from District Court, Potter County; Jno. W. Veale, Special Judge.

Action by the First National Bank of Canyon against M. G. Abernathy and another. From a judgment for plaintiff for insufficient damages, it appeals. Affirmed.

A. S. Rollins, of Amarillo, for appellant. W. H. Bledsoe, of Lubbock, for appellees.

HUFF, C. J. The appellant, the First National Bank of Canyon, brought suit against M. G. Abernathy and Jasper N. Haney in the district court of Randall county, which was brought upon change of venue to the district court of Potter county, Tex. The suit was based upon a check issued on the 13th day of December, 1909, by M. G. Abernathy and payable to Jasper N. Haney, and by him indorsed to appellant bank. The check was issued against the First National Bank of Lubbock, and was for the sum of $3,000. Appellant alleged that payment of said check was demanded of the First National Bank of Lubbock and both of the appellees, and refused. Haney answered by general denial. Abernathy answered that he had agreed to loan Haney $3,000 on some land, and that the money out of which the loan was to be made was to be obtained from one Overton, who was indebted to him, and who was to deposit the sum in the First National Bank of Lubbock, and that the check he gave Haney was upon that fund, but that Overton failed to so deposit the money, and the check for that reason was not paid. He alleges appellant knew of the condition upon which he was to get the money when it took the check by indorsement from Haney; that, when the Lubbock bank refused to pay the check, and returned it to appellant, Haney had in the meantime checked out $797.80; and that, immediately upon the return of the check, appellant charged the amount back to the account of Haney, leaving an indebted-ness due in the sum of $797.80 by Haney, which appellee Abernathy tendered in his pleadings to pay, and offered to pay. The judge of the trial court instructed a verdict for appellant in the sum of $797.80, and judgment was rendered in accordance with the verdict, from which judgment appellant brings appeal to this court.

The statement of facts sets out the check as follows: "A check executed by M. G. Abernathy, payable to Jasper N. Haney, dated the 13th day of December, 1909, for the sum of $3,000, and indorsed by Jasper N. Haney in blank, was introduced by plaintiff." Jasper N. Haney indorsed the check for $3,000 to appellant on the 13th day of December, 1909, and appellant gave Haney credit on the bank books for $3,000. Haney began checking on the account with appellant at once. Appellant sent the check to the First National Bank of Lubbock, the bank upon which it was drawn, and the check was returned by that bank without payment being made. It was again sent on the 8th day of January, 1910, and payment again refused. The check was held some time, and some of the items charged to Haney were charged back to the parties to whom Haney had given checks, and on the 26th day of March the check was charged back to Haney, and the overdraft left by Haney at that date, by reason of the checks which had been drawn by him, and which had been paid by appellant on the faith of the $3,000 check, amounted to the sum of $797.80. Appellant did not pay Haney the full amount of the check in cash, but credited him with the amount of same when he indorsed it to appellant, and in March charged back to Haney's account the amount of the same.

[1] The appellant assigns error on the action of the court in overruling its general exceptions to Abernathy's answer. We find no error in the action of the court in overruling the exception.

[2-4] It is assigned that the court erred in instructing a verdict for appellant in the sum of $797.80, and in refusing to instruct a verdict for appellant for the full amount sued upon. Appellant contends that it was entitled to recover the full amount called for by the check; and the amount which appellant may have paid for the check was an immaterial inquiry, and should not be taken into consideration by the court for any purpose. If this was a negotiable instrument, upon which the record is silent (unless the mere fact of its being called a check would make it such), the amount paid for it is wholly immaterial, as appellant contends, and it would be entitled to recover the full amount, if there were no other questions involved in the case. Under the view we take of this case, however, it is wholly immaterial what the nature of the check was with reference to its negotiability. If the appellees paid the same or any part thereof, they were en-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

titled to be credited with the amount so paid. It has been held in this state that deposits with a bank are debts against it; and, as such, the bank becomes indebted to the amount of the deposit to the depositor, Engelke v. Schlenker, 75 Tex. 559, 12 S. W. 999; Harris County v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; House v. Kountze, 17 Tex. Civ. App. 402, 43 S. W. 561.

When Haney indorsed the check to appellant, and it gave him credit for $3,000, subject to his check, it thereby became his debtor in said sum. When the bank was not paid by the Lubbock bank, and when appellant charged the amount back against the account of Haney, it thereby changed its relation from that of debtor to creditor of Haney. Haney thereby stood indebted to appellant for the sum checked out by him, $797.80. Appellant, having resorted to its right as a bank to appropriate Haney's money on his and Abernathy's obligations to pay the check to it, thereby received partial satisfaction of its debt, and cannot again recover the amount so received by such transaction.

The trial court did not err in instructing a verdict, and the case is affirmed.