523 So.2d 156 (1988)
NATIONAL DISTRIBUTING CO., INC., etc., et al., Appellants, Cross-Appellees,
v.
OFFICE OF THE COMPTROLLER, State of Florida, Appellee, Cross-Appellant.
No. 71638.
Supreme Court of Florida.
April 7, 1988.
*157 Wilbur E. Brewton and Janice G. Scott of Taylor, Brion, Buker & Greene, Tallahassee, for appellants/cross-appellees.
Robert A. Butterworth, Atty. Gen. and Daniel C. Brown, Asst. Atty. Gen., Tallahassee, for appellee/cross-appellant.
BARKETT, Justice.
We have for review National Distributing Co. v. Office of the Comptroller, No. 87-1859 (Fla. 1st DCA Dec. 21, 1987), which directly certified to this Court an appeal from a summary judgment of the Circuit Court of the Second Judicial Circuit. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const. We affirm the summary judgment below.
This case involves a challenge to portions of two state statutes which imposed an excise tax on certain alcoholic beverages in the years between 1981 and 1985. §§ 564.06 & 565.12, Fla. Stat. (1981 to 1984 supp.). Appellants argue that, because the tax expressly favored alcoholic beverages produced from Florida-grown products by granting them tax exemptions, it was unconstitutional and the state must refund taxes to the extent that it discriminated against interstate commerce. All parties acknowledge that this issue generally is controlled by the decision in Bacchus Imports, Ltd v. Dias, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984). The Bacchus decision departed from prior Supreme Court precedent and held that, notwithstanding the states' plenary power to regulate alcoholic beverages, see amendment XXI, United States Constitution, commerce clause restrictions apply to state taxing schemes that favor in-state manufacturers of such beverages. Id. at 275, 104 S.Ct. at 3057.
We recently determined in Div. of Alcoholic Beverages and Tobacco v. McKesson Corp., 524 So.2d 1000 (Fla. 1988), that chapters 85-203 & 85-204, Laws of Florida (1985), were unconstitutional under Bacchus. These two chapters had amended sections 564.06 and 565.12, Florida Statutes (1983), in an attempt to correct the deficiences recognized in Bacchus.
Because the statutory provisions in dispute in this case are more restrictive of interstate commerce, we find McKesson and Bacchus dispositive. We thus approve the trial court's conclusion that the following provisions of the taxing statutes violated the commerce clause, article I, section 8 of the constitution: (a) all of section 564.06(2), Florida Statutes (1981 to 1984 supp.), which exempted from taxation certain wines and alcoholic beverages manufactured and bottled in Florida; (b) that portion of section 564.06(3), Florida Statutes (1981 to 1984 supp.), exempting from taxation certain other wines manufactured and bottled in Florida; (c) that portion of section 564.06(4), Florida Statutes (1981 to 1984 supp.), exempting from taxation certain natural sparkling wines manufactured and bottled in Florida; (d) all of section 565.12(1)(b), Florida Statutes (1981 to 1984 supp.), which reduced the taxation on certain alcoholic beverages manufactured and bottled in Florida; and (e) all of section *158 565.12(2)(b), Florida Statutes (1981 to 1984 supp.), which reduced the taxation on certain other alcoholic beverages manufactured and bottled in Florida.
We agree with the circuit court below that these provisions were severable from the statutes in question, since severance would have removed the exemptions improperly provided to in-state manufacturers of alcoholic beverages while keeping the general taxing structure intact.
We further hold that, based on McKesson, this Court's decision shall be given prospective application only, since the facts of this case do not call for a retroactive application of this decision. As in McKesson, appellants already have passed on the excess taxes to their customers, the taxpayers of Florida, and the funds from those taxes have been appropriated and expended by the state. Unreasonable disruption of state government would be caused by retroactive application, and an unconscionable windfall would accrue to appellants. Retroactive application would have the effect of requiring the taxpayers of this state to refund in excess of an estimated $350 million in taxes that they already have paid once. We thus find that any benefit to appellants is far outweighed by the harm that would be inflicted upon this state's citizens and their government.
Similarly, the facts of this case show that each of appellants filed claims for tax exemptions available to them under the challenged statutory provisions. These claims resulted in tax exemptions worth more than $10 million in favor of appellants. Appellants thus are in the posture of challenging statutes whose benefits they actively sought and willingly accepted. Moreover, appellants did not complain of any wrong related to this case until well after the Bacchus decision issued.
Finally, the legislature enacted the statutes in question in good faith, based on prior United States Supreme Court case law recognizing that states had plenary power to regulate alcoholic beverages under the twenty-first amendment. E.g., State Board of Equalization v. Young's Market Co., 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38 (1936). The Bacchus decision constituted a marked departure from this prior precedent, and the legislature responded to the decision during its next regular session after Bacchus issued. We cannot conclude that the state has acted in bad faith.
Based on these facts, we find that the equities of this case disfavor appellants on the question of a tax refund, requiring that this opinion be given an exclusively prospective application. See Lemon v. Kurtzman, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973); McKesson; Gulesian v. Dade County School Bd., 281 So.2d 325 (Fla. 1973). Equitable relief properly was denied appellants.
We approve the circuit court's summary judgment and denial of mandamus and injunctive relief, and hold that appellants are not entitled to a refund of any taxes paid at the times material to this case. To the extent it is inconsistent with this opinion, the decision in Jacquin-Florida Distilling Corp. v. Department of Business Regulation, 356 So.2d 340 (Fla. 1st DCA 1978), is disapproved. We recede from Faircloth v. Mr. Boston Distiller Corp., 245 So.2d 240 (Fla. 1970), to the extent it conflicts with Bacchus and this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.