FIRST BANK OF DEER
PARK, Appellant,

v.

DEER PARK INDEPENDENT SCHOOL
DISTRICT, et al., Appellee.

No. 9661.

Court of Appeals of Texas,
Texarkana.

April 18, 1989.

Rehearing Denied May 16, 1989.

Ruben F. Valdes, Hon. E. D. Vickery, Roysten, Rayzor, Vickery & Williams, Houston, for appellant.

Jim L. Peacock, Heard, Goggan, Blair & Williams, Houston, for appellee.

GRANT, Justice.

First Bank of Deer Park ("the Bank") appeals from a summary judgment in a case in which the Bank was seeking refund of ad valorem taxes on bank stock in the amount of $29,018.22 from Deer Park Independent School District ("the School District"). The School District assessed and collected ad valorem taxes from the Bank on its bank shares for the years 1979 through 1982, and it included in its computations the value of United States obligations held by the Bank. The Bank paid the taxes for each of the years without protest.

In July, 1983, the United States Supreme Court, in a case from the Fifth Court of Appeals, held that the property tax on bank shares, as authorized by Section 11.02 of the Texas Property Tax Code,[1] violated 31 U.S.C. § 3124 because no deductions were made for tax-exempt United States obligations held by the Bank. *American Bank and Trust Company v. Dallas County*, 463 U.S. 855, 103 S.Ct. 3369, 77 L.Ed.2d 1072 (1983).

In December 1983, the Bank filed the underlying suit seeking refund of all the taxes it had paid in full for the years 1979 through 1982 on the ground, inter alia, that the taxes were unconstitutional and void under 31 U.S.C. § 3124, formerly 31 U.S.C. 742, citing *American Bank and Trust Company*, 463 U.S. 855, 103 S.Ct. 3369, and that it was entitled under Section 31.11 of the Texas Property Tax Code to a refund of taxes paid for those years. Tex. Tax Code Ann. § 31.11 (Vernon 1982).

A summary judgment will be denied unless a movant clearly establishes his right to it as a matter of law. A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987). This may be accomplished by a defendant's summary judgment evidence showing that at least one element of the plaintiff's cause of action has been established conclusively against the plaintiff. *Gray v. Bertrand*, 723 S.W.2d 957 (Tex.1987). In deciding whether there is a disputed material fact issue, we take evidence favorable to the nonmovant as true. Every reasonable inference is indulged in favor of the nonmovant and all doubts are resolved in his favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975); Tex.R.Civ.P. 166a.

The Bank's entire case (with one exception which we will discuss later in the opinion) is predicated on the assumption that the decision of the United State Supreme Court in *American Bank and Trust*

---

1. Section 11.02 was amended effective January 1, 1985, and thereafter the Legislature enacted a franchise tax on banks, effective May 1, 1985, in lieu of the tax on bank stock.

*Company,* 463 U.S. 855, 103 S.Ct. 3369, has retroactive application. In the case of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the United States Supreme Court set forth a three-prong test for deciding whether civil decisions by that court should be given retroactive or prospective application.

The first prong of the test provides that for a prospective application, the decision must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Until *American Bank and Trust Company* in 1983, Texas taxing authorities imposed a property tax on bank shares under Article 7166 of the Texas Revised Civil Statutes. As of January 1, 1982, that article was replaced by substantively similar provisions in Sections 11.02, 21.09, 22.06, 23.11 and 25.14 of the Texas Property Tax Code.

Article 7166 authorized taxes upon bank shares and did not require a reduction for any federal obligations held by a bank. The School District relied on this statute in imposing taxes on bank stock without such reductions. The Bank paid these taxes in full for the years 1979 through 1982 without protest. We conclude that the United States Supreme Court's decision in *American Bank and Trust Company,* which overruled past precedent on which Texas taxing authorities had relied and which was not clearly foreseeable, established a new principle of law and thus favored prospective application.

For the second prong of the test, we must look to the prior history of the rule in question, its purpose and effect, and whether retroactivity will further or retard its operation. The purpose of federal statutes which limit the right of states to tax federal obligations held by banks is "to prevent taxes which diminish in the slightest degree the market value or the investment attractiveness of obligations issued by the United States in order to secure necessary credit." *Smith v. Davis,* 323 U.S. 111, 117, 65 S.Ct. 157, 160, 89 L.Ed.

107 (1944). The effect of the tax exception is to encourage banks to invest in federal obligations. *First of McAlester Corp. v. Oklahoma Tax Commission,* 709 P.2d 1026 (Okla.1985).

While it is true that retroactive application in the instant case will not impair the ability of the federal government to market its bonds, a requirement that taxing authorities refund the taxes paid by the Bank for 1979 through 1982 would not necessarily enhance that borrowing ability. Thus, the retroactive application is not necessary under the second prong of the test and the purpose of the federal statute will not be thwarted by prospective application.

Under the third and final prong of the test, we conclude that retroactivity would produce substantial inequitable results. In this case, the taxes were paid in full by the Bank without protest for the years 1979 through 1982. The taxes collected for those years have been appropriated and used by the School District in the furtherance of its public obligations. Retroactive application would produce substantial inequitable results by creating an unreasonable hardship on the School District's operations, which are dependent on tax collections.

We conclude that the decision of the United States Supreme Court in *American Bank and Trust Company* should receive prospective application only. Similar rulings were made by the courts in *National Distributing Co. v. Office of Comptroller,* 523 So.2d 156 (Fla.1988), and *National Can Corporation v. State Department of Revenue,* 749 P.2d 1286 (Wash.1988). For this reason, the School District was entitled to a summary judgment.

The United States Supreme Court in *American Bank and Trust Company* held that the Texas statute was void only to the extent that it directly or indirectly involved any computation which took federal obligations into account mathematically as a factor in determining the value of bank stock for tax purposes. *See also American Bank and Trust Company v. Dallas County,* 679 S.W.2d 566 (Tex.App.—Dallas 1984, no writ). If the Bank in the present

case were entitled to damages, the damages would be the difference between the taxed amount and a lower tax which would be due under a proper assessment. The Bank has not pled the amount of excess nor has it sought damages on that basis. As a matter of law, the Bank is not entitled to a refund of *all* taxes paid for the years in question, as it is seeking, and thus the School District is entitled to summary judgment on that basis.

■ The Bank's controverting motion in the summary judgment proceeding mistakenly identifies the defendant in the body of the motion as being Harris County, a defendant in a companion cause of action which was severed from the instant case. Some of the information in the supporting affidavit does not appear to relate to the School District as the defendant. In its response to the controverting motion, the School District recognized and pointed out this defect to the trial court. The Bank has filed a motion pursuant to Tex.R.App.P. 55 to be permitted to amend the record to correct the mistake in the controverting motion. We do not interpret Rule 55 to allow us to consider summary judgment proof that was not before the trial court when the trial judge made his decision. Our decision in this case, however, does not rest upon the deficiency in the Bank's response.

In four points of error, the Bank challenges the summary judgment on the basis that the trial court erred:

(1) in imposing on the Bank, rather than its shareholders, a tax on bank stock directed against the shareholders by the Texas Legislature;

(2) by failing to hold that Section 11.01 of the Property Tax Code (authorizing a tax on bank stock) is unconstitutional and void because it permits state taxation of federal obligations held by banks, thus violating 31 U.S.C. § 3124 and the Supremacy Clause of the United States Constitution;

(3) in holding that the taxes for the years 1979, 1980, 1981, and 1982 were voluntarily paid, when the collection amounts to fraud by the tax collector's misrepresentation of the tax statute and when Section 31.11 of the Property Tax Code authorizes a refund without regard to whether payment was voluntary or involuntary; and

(4) in holding that the Bank's petition was barred by untimely filing of ten, twenty, or forty-five days as provided by Sections 25.19, 31.11 and 42.09 of the Texas Property Tax Code.

■ We look first at the Bank's contention that the stock tax was incorrectly charged to the Bank instead of the stockholders. Cases decided prior to the enactment of the Texas Property Tax Code in 1982 recognize that the Bank share tax was imposed upon the shareholders as the owners of the property, and that the Bank as a corporate institution was not liable for any taxes except those assessed against its real estate. *Engelke v. Schlender*, 75 Tex. 559, 12 S.W. 999 (1890); *First National Bank of Lampasas v. City of Lampasas*, 33 Tex. Civ.App. 530, 78 S.W. 42 (1903, writ dism'd); *City of Marshall v. State Bank of Marshall*, 60 Tex.Civ.App. 508, 127 S.W. 1083 (1910, writ ref'd). In 1982, Section 25.14 of the Property Tax Code became effective: "Stock in a banking corporation may be listed in the name of the bank as agent for its stockholders."

■ This provision is not mandatory and does not change the status of the shareholders as being the owners of the stock and therefore liable for the tax. By operation of law, property is assessed against the true owner even if the property is unrendered and no name appears on the tax roll. *Winters v. Independent School District of Evant*, 208 S.W. 574 (Tex.Civ. App.—Austin 1918, writ dism'd). The true owner is assessed even when the name of a record owner appears on the roll instead of the name of the true owner. *Cranfill Bros. Oil Co. v. State*, 54 S.W.2d 813 (Tex. Civ.App.—El Paso 1932, writ ref'd). The Bank was free to pass the tax statements on to the shareholders or to pay the tax on behalf of the shareholders and set it off against dividends. We find no merit to this contention.

■ The Bank contends that it did not voluntarily pay the taxes because it was

under duress. The Bank takes this position to avoid the application of the "voluntary payment rule." This rule provides that a tax voluntarily paid in full cannot be recovered even though it was illegal. This rule has been applied in Property Tax Code cases. *Hunt County Tax Appraisal District v. Rubbermaid, Inc.*, 719 S.W.2d 215 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The Dallas Court of Appeals held that full payment of taxes assessed under the Code rendered moot all questions concerning the validity of the taxes. Taxes voluntarily paid may not be recovered by the taxpayer even though illegally imposed, except in cases of fraud, express or implied duress, or mutual mistake of fact. *Salvaggio v. Houston Independent School District*, 709 S.W.2d 306 (Tex.App.—Houston [14th Dist.] 1986, writ dism'd).

The Texas Supreme Court has held that duress must be directly attributable to the terms of the taxing statute. *National Biscuit Co. v. State*, 134 Tex. 293, 135 S.W.2d 687 (1940). Failure to pay an ad valorem tax does not give rise to the onerous summary penalties and burden that an occupation or franchise tax might involve. The courts have applied a "business compulsion test" to determine whether such duress was imposed upon a taxpayer. The test requires a showing that the taxing statute imposes an onerous burden for nonpayment which potentially deprives the taxpayer of the right to do business, i.e., that payment was compelled in order for the taxpayer to remain in business. *Texas National Bank of Baytown v. Harris County*, 765 S.W.2d 823 (Tex.App.—Houston [14th Dist.] 1988, writ pending). Its application has not been extended to ad valorem tax cases. *Johnson Controls v. Carrollton–Farmers Branch Independent School District*, 605 S.W.2d 688 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). The Bank has cited no provision attributable to the Bank Stock Tax Act which threatens the Bank's right to continue in business for failure to pay ad valorem taxes on bank stock, and we are aware of none. To the extent that the School District sought to collect taxes in excess of what was legally authorized, the Bank on behalf of the shareholders or the shareholders themselves should have paid only that which was due and obtained an injunction to prevent the School District from levying on the stock. We find no merit in the Bank's contention that it paid the taxes in full for 1979 through 1982 under duress.

The Bank also contends that the School District committed fraud, which is another exception to the voluntary payment rule. The most that is shown by the summary judgment evidence is a mutual mistake of the law, and a mutual mistake of the law does not constitute fraud. The Bank has shown no reason why it should not be bound by the voluntary payment rule.

■ The Bank further contends that it is entitled to a refund under Section 31.11 of the Property Tax Code, even if the Bank's payments of the taxes in full were voluntary. That Section provides as follows:

(a) If a taxpayer applies to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of taxes and the auditor for the unit determines that the payment was erroneous or excessive, the tax collector shall refund the amount of the excessive or erroneous payment from available current tax collections or from funds appropriated by the unit for making refunds. However, if the amount of the refund exceeds $500, the collector may not make the refund unless the governing body of the taxing unit also determines that the payment was erroneous or excessive and approves the refund.

(b) An application for a refund must be made within three years after the date of the payment or the taxpayer waives the right to the refund.

Tex.Tax Code Ann. § 31.11 (Vernon 1982).

In *Texas National Bank of Baytown v. Harris County*, the court held that Section 31.11 applied only to cases wherein a tax was correctly assessed but the taxpayer made a mistake in paying it, e.g. when a payment was accidentally made to the wrong account, or an inadvertent payment was made of an amount greater than was assessed, or when an overpayment was made because of calculation errors. The court specifically held that Section 31.11 did not apply to a mistake of law.

The Bank correctly contends that the predecessor of Section 31.11 contained the language "erroneously paid or overpaid, *through mistake of law or fact.*" (emphasis added). The Bank further contends that this statute was changed in a recodification in which no substantive changes were made by the Legislature, and therefore is applicable in situations involving mistakes of law. We disagree. Title 1 (Property Tax Code) of the Tax Code, in which Section 31.11 appears, contains major substantive changes in the tax laws of this State. It did not purport to be a non-substantive revision. (Title 2 of the Tax Code (State Taxation) was a recodification in which the Legislature specifically stated that no substantive changes were intended.)

We hold that the Bank cannot qualify for a refund under Section 31.11 on the basis of a mistake of law.

Because of our determination on the foregoing issues, we do not address the other points raised by the Bank. For the reasons stated, we hold the trial court properly granted the motion for summary judgment.

The judgment is affirmed.