

# THE ATTORNEY GENERAL
## OF TEXAS

May 24, 1990

JIM MATTOX
ATTORNEY GENERAL

Honorable William P. Hobby
Lieutenant Governor
P. O. Box 12068
Austin, Texas    78711

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Honorable Chet Edwards
Chairman
Nominations Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-1179

Re:    Applicability of Attorney General Opinion JM-1161 (1990)

Gentlemen:

Each of you has requested advice in regard to Attorney General Opinion JM-1161 (1990). Mr. Bullock has asked several questions about the effect of the opinion in particular circumstances. Governor Hobby and Senator Edwards have asked that the opinion be reconsidered in regard to the intent of the drafters of the constitution and in the light of long-standing practices of the senate.

No arguments have been presented that persuade us to reconsider Attorney General Opinion JM-1161. We conclude, however, that the opinion should be applied prospectively only, as of May 1, 1990,[1] and that recess appointees who were not confirmed as of that date may be confirmed in the special session of the legislature that began on that date.

In <u>Chevron Oil Co. v. Huson</u>, 404 U.S. 97 (1971), the United States Supreme Court set out three factors to be considered in determining whether a decision is to be

---

1. Attorney General Opinion JM-1161 was dated April 20, 1990, but was not publicly released until May 1, 1990.

applied retroactively. A recent Texas case applied the Huson test. First Bank of Deer Park v. Deer Park Indep. School Dist., 770 S.W.2d 849 (Tex. App. - Texarkana 1989, writ denied). First, to be applied prospectively only, a decision must establish a new principle of law, either by overruling a past decision on which there may have been reliance or by deciding an issue of first impression. Huson, supra, at 106. Attorney General Opinion JM-1161 overruled several attorney general opinions. Attorney General Opinions MW-303 (1981); H-948 (1977). The latter held:

> If the Senate fails to act on a recess appointment or on an appointment made during the session of an individual to succeed himself in office, the individual can continue to exercise the duties of office pursuant to the requirements of article 16, section 17, of the Texas Constitution, until the Senate subsequently rejects the nomination or until the Governor appoints another individual.

Attorney General Opinion H-948, at 4. The senate, the governor, and various appointees have relied on that opinion for the proposition that an appointee could continue to serve as a de jure officer even though the senate failed to take any action on his appointment in the session immediately following his appointment. Therefore, the first criterion for prospective application has been met.

The second factor to be considered is whether retroactive application would further or retard the operation of the rule. Huson, supra, at 106-07. We do not think that retroactive application would further the purpose of article IV, section 12, of the Texas Constitution, which is to ensure that both the senate and the governor consider the qualifications of persons entrusted with carrying out governmental functions. To apply Attorney General Opinion JM-1161 retroactively would leave numerous state offices vacant for reasons not related to the qualifications of the persons who had been appointed to those offices. Prospective application, on the other hand, will restore the constitutional balance of power by allowing the senate to consider the qualifications of those appointees.

The third factor to consider is whether retroactive application would work an injustice or hardship. Huson, at 107. If the decision we affirm today were to be applied retroactively, dozens, perhaps hundreds, of offices would be

vacant, and the validity of many decisions would be called into question. Conceivably, costly litigation would ensue. Thus, in our view, retroactive application of Attorney General Opinion JM-1161 would produce substantial inequitable results.

Accordingly, we hold that all recess appointees of the governor who were not yet confirmed but were properly holding office on May 1, 1990, under the principles enunciated in Attorney General Opinions MW-303 and H-948, were de jure officers as of that date. Those who had not been properly confirmed as of that date may be confirmed in the special session that began on May 2, 1990. If a recess appointee who has not yet been confirmed is not confirmed in this session, the office will become vacant upon the adjournment of the senate. Inaction by the senate will be tantamount to rejection.

In light of our conclusion that Attorney General Opinion JM-1161 is to be applied prospectively only, it is not necessary to address Mr. Bullock's questions.

## S U M M A R Y

Attorney General Opinion JM-1161 (1990) is affirmed. However, it should be applied prospectively only. Recess appointees of the governor who were not yet confirmed but were properly holding office on May 1, 1990, under the principles in Attorney General Opinions MW-303 and H-948, were de jure officers as of that date. Those who had not been properly confirmed as of that date may be confirmed in the special session that began on May 2, 1990. If a recess appointee who has not yet been confirmed is not confirmed in this session, the office will become vacant upon the adjournment of the senate.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin and
Sarah Woelk
Assistant Attorneys General