OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

September 29, 2000

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
P.O. Box 2850
Denton, Texas 76202

Opinion No. JC-0286

Re: Whether a tax assessor-collector must refund monies paid into an inventory tax escrow account by a heavy equipment dealer during a year in which the dealer was not in business as of January 1 and did not owe taxes (RQ-220-JC)

Dear Mr. Isaacks:

On behalf of the Denton County Tax Assessor-Collector (the "tax assessor-collector" or "collector"), you ask whether a tax assessor-collector must refund monies paid into an inventory tax escrow account by a heavy equipment dealer during a year in which the dealer was not in business as of January 1 and did not owe taxes. We conclude that although the tax assessor-collector was not authorized to deposit the fees in the escrow account, the heavy equipment dealer is not entitled to a refund of the monies unless he is entitled to a refund under section 31.11 of the Tax Code or can show that he paid them as the result of fraud, because of a mutual mistake of fact, or under duress.

Your question arises from sections 23.1241 and 23.1242 of the Tax Code, which govern the ad valorem taxation of heavy equipment dealers' inventory. *See* TEX. TAX CODE ANN. §§ 23.1241, .1242 (Vernon Supp. 2000). Under section 23.1241, heavy equipment inventory is taxed based on the market value of the dealer's inventory as of January 1, which is defined as "the total annual sales, less sales to dealers, fleet transactions, and subsequent sales, for the 12-month period corresponding to the preceding tax year, divided by 12." *Id.* § 23.1241(b)(1).

Section 23.1242 provides for monthly prepayment of heavy equipment inventory taxes based on sales of the preceding month. It requires a heavy equipment dealership owner on or before the tenth day of each month to file an inventory tax statement with the tax collector and to deposit "an amount equal to the total of unit property tax assigned to all items of heavy equipment sold from the dealer's heavy equipment inventory in the preceding month to which a unit property tax was assigned." *Id.* § 23.1242(b). The inventory tax statement must be filed by any dealer, "regardless of whether a dealer owes heavy equipment inventory tax for the current year." *Id.* § 23.1242(g). Significantly, however, that statute expressly provides that a dealer who was not in business as of

January 1, and who owes no heavy equipment inventory tax for the year, is not required or even permitted to remit money:

> A dealer who owes no heavy equipment inventory tax for the current year because the dealer was not in business on January 1:
>
> (1) shall file the statement required by this section showing the information required by this section for each month that the dealer is in business; and
>
> (2) *may not* assign a unit property tax to an item of heavy equipment sold by the dealer or *remit money with the statement except in compliance with the terms of a contract as provided by Subsection (k)*.

*Id.* (emphasis added). Under subsection (k), "[a] person who acquires the business or assets of an owner may, by contract, agree to pay the current year heavy equipment inventory taxes owed by the owner." *Id.* § 23.1242(k).

Tax prepayments are deposited with the tax collector, who is required to maintain an escrow account for each heavy equipment dealership owner in the county depository. *See id.* § 23.1242(c). "The collector is not required to maintain a separate account in the depository for each escrow account created as provided by this section but shall maintain separate records for each owner." *Id.* The collector retains interest generated on the account to defray the cost of administering the prepayment procedure. *See id.* Subsection (d) provides that an "owner may not withdraw funds in an escrow account created under this section." *Id.* § 23.1242(d).

You ask about a heavy equipment dealer in your county who opened his business in April 1999. The dealer made monthly deposits along with his inventory tax statements beginning in May 1999, even though, because he was not in business as of January 1, 1999, he would not owe taxes for 1999.[1] We gather from your request that the dealer opened a new business and did not acquire the business from another owner. Because the dealer did not acquire the business, we assume that he was not party to an agreement to pay the 1999 taxes of a prior owner as provided in subsection (k) of section 23.1242.

The dealer is now demanding return of the funds. The tax assessor-collector has refused to refund the monies, contending that she is precluded from doing so under subsection (d) of section 23.1242. *See* Request Letter, note 1, at 3. In addition, you assert that section 31.11 of the Tax Code, which provides for tax refunds in certain situations, does not apply and, moreover, that the voluntary payment rule precludes the tax assessor-collector from refunding the money. *See id.* at 3-4. We examine each of these arguments.

---

[1]*See* Letter from Thomas F. Keever, Assistant District Attorney, Denton County, to Honorable John Cornyn, Texas Attorney General at 2 (Apr. 5, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

On close reading of section 23.1242 of the Tax Code, it is plain that the subsection (d) prohibition on withdrawals from an escrow account does not apply to the situation at issue. Subsection (d) uses the term "owner" rather than "dealer": "The *owner* may not withdraw funds in an escrow account created under this section." TEX. TAX CODE ANN. § 23.1242(d) (Vernon Supp. 2000) (emphasis added). The distinction between the terms is significant. Sections 23.1241 and 23.1242 use the term "dealer" generically to describe all dealers, those who are required to prepay taxes and those who are not. *See id.* § 23.1241(a)(1) ("'Dealer' means a person engaged in the business in this state of selling heavy equipment."). On the other hand, the statute uses the term "owner" more narrowly to refer to only those dealers who owned a dealership as of January 1 and owe and are required to prepay taxes. *See, e.g., id.* §§ 23.1241(e) ("A dealer is presumed to be *an owner* of a dealer's heavy equipment inventory on January 1 if, in the 12-month period ending on December 31 of the preceding year, the dealer sold an item of heavy equipment to a person other than a dealer.") (emphasis added); 23.1242(b) ("an *owner* or a person who has agreed by contract to pay the owner's current year property taxes levied against the owner's heavy equipment inventory shall assign a unit property tax to each item of heavy equipment sold from a dealer's heavy equipment inventory. . . . *[T]he owner* shall, together with the statement filed by the owner as provided by this section, deposit with the collector an amount equal to the total of unit property tax assigned to all items of heavy equipment sold from the dealer's heavy equipment inventory in the preceding month to which a unit property tax was assigned.") (emphasis added). Thus, the subsection (d) prohibition on withdrawal of funds applies only to an owner, *i.e.*, a dealer who was in business as of January 1.

You have submitted a letter from the Property Tax Division of the Office of the Comptroller advising a county that a motor vehicle dealer who made tax prepayments in a year for which he did not owe taxes (because he was not in business on January 1) under an analogous statutory scheme, sections 23.121 and 23.122 of the Tax Code, was not entitled to a refund, citing the predecessor to section 23.122(d), which is identical to section 23.1242(d). *See id.* § 23.122(d) ("The owner may not withdraw funds in an escrow account created pursuant to this section."). Based on this language, the letter concludes that "the law does not allow the county to refund the special motor vehicle inventory tax paid into an escrow account under any circumstances." Letter from Carolyn Kyzar, Information Services, Property Tax Division, Office of the Comptroller, to Ms. Deeana Rushing, County of Ector (Oct. 30, 1995) (on file with Opinion Committee). Sections 23.121 and 23.122 make the same distinction between dealers and owners as do sections 23.1241 and 23.1242. *See* TEX. TAX CODE ANN. § 23.121(a)(3) (Vernon Supp. 2000) (defining "dealer"), (a)(9) (defining the term "owner" as "a dealer who owes current year vehicle inventory taxes levied against a dealer's motor vehicle inventory."). Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute. *See Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 822 (Tex. 1993). The Comptroller's construction of subsection (d) ignores the fact that a dealer who does not owe taxes in a tax year is not an "owner." Because this construction contradicts the plain language of the statute and is not reasonable, we do not follow it.

The dealer you describe, who was not in business as of January 1, 1999, was not an "owner" in 1999 for purposes of section 23.1242. Because he is not an owner in 1999, subsection (d)'s

prohibition on the withdrawal of funds from an escrow account does not apply to him with respect to the monies he paid in 1999. Moreover, with respect to section 23.1242, we also note that there was no statutory basis for the tax assessor-collector to accept the funds from the dealer or to deposit them in the section 23.1242(c) escrow account. Again, subsection (g)(2) provides that a dealer who was not in business on January 1 may not remit money, except in compliance with a contract to assume taxes upon acquiring a business under subsection (k). *See* TEX. TAX CODE ANN. § 23.1242(g)(2) (Vernon Supp. 2000). There was no such contract here. Moreover, under subsection (c) of section 23.1242, the collector is required to maintain the escrow account for "each owner." *See id.* § 23.1242(c). Subsection (c) does not authorize the collector to maintain an escrow account for a dealer who is not an "owner" or to accept funds from a person who is not an owner or a person who has agreed to pay an owner's taxes under subsection (k).

Our conclusions that subsection (d) of section 23.1242 does not prohibit a refund in these circumstances and that the tax collector was not authorized to deposit the monies in the escrow account is not the end of our analysis, however. Under the law of this state, according to the voluntary payment rule, the fact that an official is not entitled to collect a tax or fee does not necessarily mean that a person who has paid the tax or fee is entitled to a refund. *See Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.*, 826 S.W.2d 489, 559 (Tex. 1992); *State v. Connecticut Gen. Life Ins. Co.*, 382 S.W.2d 745, 746-47 (Tex. 1964) ("the voluntary payment of an illegal tax will not support a claim for repayment"); *City of Houston v. Feizer*, 13 S.W. 266 (Tex. 1890); *see also Camacho v. Samaniego*, 954 S.W.2d 811, 825-26 (Tex. App.–El Paso 1997, review denied) (applying voluntary payment rule to illegal fee); *Hunt County Tax Appraisal Dist. v. Rubbermaid, Inc.*, 719 S.W.2d 215, 218 (Tex. App.–Dallas 1986, writ ref'd n.r.e.) (applying voluntary payment rule to property tax). Thus, we must also address whether the heavy equipment dealer is entitled to a refund of the fees, either under section 31.11 of the Tax Code, which permits refunds of taxes in certain circumstances, or under an exception to the voluntary payment rule.

Section 31.11 of the Tax Code requires a tax collector to refund an overpayment or erroneous payment of taxes in certain cases: "If a taxpayer applies to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of taxes and the auditor for the unit determines that the payment was erroneous or excessive, the tax collector shall refund the amount of the excessive or erroneous payment from available current tax collections or from funds appropriated by the unit for making refunds." TEX. TAX CODE ANN. § 31.11 (Vernon Supp. 2000). If the fee exceeds a certain amount, the governing body of the taxing unit must also determine that the payment was erroneous or excessive and approve the refund. *See id.* Although entitlement to a refund under this section does not depend upon a showing that payment was involuntary, *see Texas Nat'l Bank of Baytown v. Harris County*, 765 S.W.2d 823, 826 (Tex. App.–Houston [14th Dist.] 1988, writ denied), courts have narrowly construed section 31.11 to permit refunds only in cases where the taxpayer has erred in remitting a tax by accidentally paying on the wrong account, mistakenly paying a greater amount than the tax due, overpaying because of a calculation error, or paying a tax that had been paid by another taxpayer. *See, e.g., Brooks County Cent. Appraisal Dist. v. Tipperary Energy Corp.*, 847 S.W.2d 592, 598-99 (Tex. App.–San Antonio 1992, no writ); *First Bank of Deer Park v. Deer Park Indep. Sch. Dist.*, 770 S.W.2d 849, 854 (Tex. App.–Texarkana 1989, writ denied);

*Texas Nat'l Bank of Baytown*, 765 S.W.2d at 826. Courts have also held that section 31.11 does not permit refunds on the basis of mistakes of law. *First Bank of Deer Park*, 770 S.W.2d at 854; *Texas Nat'l Bank of Baytown*, 765 S.W.2d at 826.

You assert that tax refund provisions of section 31.11 of the Tax Code do not apply because the withdrawal prohibition in section 23.1242(d) controls. *See* Request Letter, *supra* note 1, at 3. You also assert that section 31.11 applies only when taxes have "actually been <u>assessed</u>. In the present case, no inventory taxes were assessed against the dealer during the prepayments in 1999 and could not, in fact, be legally assessed or required of the dealer until after January 1, 2000." *Id.* (emphasis in original).

We analyze the issues differently. First, as we have explained, subsection (d) of section 23.1242 is inapplicable to the monies at issue and does not preclude a refund. Furthermore, we disagree that section 31.11 applies only where there has been an assessment of taxes by a taxing unit. On its face, section 31.11 does not distinguish between taxes paid pursuant to an assessment and prepayment of taxes under statutes such as section 23.1242. We find it unlikely that the legislature intended to leave persons who are required to prepay taxes with absolutely no recourse to a refund in any circumstances and do not believe section 31.11 must necessarily be read to preclude refunds of tax prepayments. *See* TEX. GOV'T CODE ANN. §§ 311.021(3) (Vernon 1998) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended"); 311.023(5) ("In construing a statute . . . a court may consider . . . consequences of a particular construction").

Rather, we believe that the relevant issue with respect to section 31.11 is whether the taxpayer's error involved a mistake of fact, like an accidental overpayment of the amount of taxes or lack of knowledge that the taxes had been paid by another person, or a mistake of law.

> A mistake of fact occurs where one understands the facts to be other than they actually are. The mistake of fact must be mutual and not merely the product of the complaining party's inattention. In contrast, a mistake of law occurs where one cognizant of the facts reaches an erroneous conclusion as to the legal consequences or effect of those facts.

*Texas Nat'l Bank of Baytown*, 765 S.W.2d at 826. If the equipment dealer here acted under the mistaken conclusion that he was legally required to prepay taxes in 1999, that would have been a mistake of law. Again, a taxpayer "cannot qualify for a refund under Section 31.11 on the basis of a mistake of law." *First Bank of Deer Park*, 770 S.W.2d at 854. If, on the other hand, the equipment dealer prepaid the taxes as the result of a mistake of fact, then he could be entitled to a refund. This office, which is not equipped to make findings of fact, cannot ultimately resolve the nature of the equipment dealer's error.[2]

---

[2]*See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ( "[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

Next, we consider whether the taxpayer is entitled to a refund under an exception to the voluntary payment rule. Texas courts have consistently held that voluntary payment of an illegal tax or fee will not support a claim for repayment. *See Camacho*, 954 S.W.2d at 825-26 (citing cases). The harshness of this rule with respect to tax payments has been somewhat mitigated not only by section 31.11, but also by section 31.115 of the Tax Code, which permits taxpayers to avoid the voluntary payment rule by paying taxes under protest. *See* TEX. TAX CODE ANN. § 31.115 (Vernon Supp. 2000) ("Payment of an ad valorem tax is involuntary if the taxpayer indicates that the tax is paid under protest: (1) on the instrument by which the tax is paid; or (2) in a document accompanying the payment."). We understand, however, that the dealer at issue did not prepay the taxes under protest. A person who has voluntarily paid an illegal fee or tax can receive a refund only upon a showing that the payment resulted from fraud, mutual mistake of fact, or duress, whether implied or express. *See Camacho*, 954 S.W.2d at 826; *see also Carrollton-Farmers Branch Indep. Sch. Dist.*, 826 S.W.2d at 559; *Connecticut Gen. Life Ins. Co.*, 382 S.W.2d at 746-47. Mutual mistake of law is not a valid ground for repayment of a tax or fee. *Camacho*, 954 S.W.2d at 826; *Amplifone Corp. v. Cameron County*, 577 S.W.2d 567, 569 (Tex. Civ. App.–Corpus Christi 1979, no writ); *Gould v. City of El Paso*, 440 S.W.2d 696, 698-99 (Tex. Civ. App.–El Paso 1969, writ ref'd n.r.e.).

Thus, although a tax assessor-collector lacks statutory authority to accept or deposit in the heavy equipment dealer inventory tax escrow account monies paid by a dealer in a year in which the dealer would not owe taxes, a heavy equipment dealer who mistakenly prepays such taxes is not entitled to a refund of the monies under the voluntary payment rule unless he can show that he paid them as the result of fraud, because of a mutual mistake of fact, or under duress. Again, this office cannot ultimately resolve the nature of the equipment dealer's error. Resolution of whether payments were made voluntarily or involuntarily in a particular case will involve fact questions and is therefore beyond the purview of an attorney general opinion. *See supra* note 2.

Finally, with respect to the permissibility of a refund, we note that your query raises a novel legal and fact situation that has not been addressed by a court. Our answer is based on existing law. We cannot predict whether a court would construe section 31.11 or the voluntary payment rule to permit a refund in these unique circumstances. *See, e.g., Brooks County Cent. Appraisal Dist.*, 847 S.W.2d at 598 ("we do not believe that the spirit of the statute . . . requires the holding that section 31.11 does not authorize a refund to the taxpayer, but does authorize taxing entities to retain a windfall, merely because the taxes paid 'identically matched the tax bill' generated by the taxing entity").

We also note that you have not asked whether funds mistakenly paid into the heavy equipment inventory escrow account by the heavy equipment dealer in 1999 may be applied to taxes owed by the dealer in subsequent tax years. Section 23.1242 of the Tax Code does not address this issue with respect to a dealer who prepays funds in a year that he does not owe taxes. Furthermore, although subsection (d) prohibits owners from withdrawing funds from the escrow account, *see* TEX. TAX CODE ANN. § 23.1242(d) (Vernon Supp. 2000), section 23.1242 is silent with respect to whether excess funds in an owner's escrow account may be credited to taxes owed by the owner in future tax years. Subsection (h) requires the collector to apply the money in the owner's escrow account to the

taxes imposed by each taxing unit on the heavy equipment inventory in proportion to the amount of taxes levied. *See id.* § 23.1242(h). Subsection (i) provides that if the amount in the escrow account is not sufficient to pay the taxes in full, the collector shall apply the money in the escrow account to the taxes and deliver to the owner a tax receipt for partial payment and a tax bill for the amount of the deficiency. *See id.* § 23.1242(i). The owner must then remit the taxes due. By contrast, section 23.1242 does not address the disposition of funds in the event that the money in the escrow account exceeds the amount of taxes owed by the owner.

The Tax Code's silence with respect to monies mistakenly paid into prepaid inventory tax escrow accounts and excess monies in such accounts is troubling. It is within the province of the legislature to amend the law to address this issue. In the meantime, as there is no indication in the statute that owners must forfeit excess funds in the escrow account or any indication that this was the legislature's intent, we believe that it is reasonable to construe section 23.1242 to authorize a collector to credit excess funds in an owner's escrow account to taxes owed by the owner in future tax years. *See* TEX. GOV'T CODE ANN. §§ 311.021(3) (Vernon 1998) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended."); 311.023(1), (5) (in construing a statute, a court may consider object sought to be obtained and consequences of a particular construction). Given that a collector could credit excess funds in an owner's escrow account to taxes owed in future tax years, we see no reason why a collector could not credit funds mistakenly paid by a dealer in a year in which he did not owe taxes to taxes he will owe in future tax years. Of course, this is not an option in the situation giving rise to your query if the dealer at issue is no longer in business as a heavy equipment dealer.

## S U M M A R Y

Although a tax assessor-collector lacks statutory authority to accept or deposit in the heavy equipment dealer inventory tax escrow account monies paid by a dealer in a year in which the dealer would not owe taxes, a heavy equipment dealer who mistakenly prepays such taxes is not entitled to a refund of the monies unless he is entitled to a refund under section 31.11 of the Tax Code or can show that he paid them as the result of fraud, because of a mutual mistake of fact, or under duress.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee