**TEXAS NATIONAL BANK OF BAYTOWN, Appellant,**

v.

**HARRIS COUNTY, et al, Appellees.**

No. B14–88–00101–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1988.

Rehearing Denied Feb. 2, 1989.

David W. Showalter, Bellaire, C. Ed Harrell, Edward D. Vickery, Houston, for appellant.

Randall B. Strong, Jon C. Pfennig, Baytown, Marsha L.W. Floyd, Larry W. Hays, Houston, for appellees.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Texas National Bank of Baytown, a national banking association, appeals summary judgments granted in favor of Harris County, the City of Baytown, Lee College District, Goose Creek Independent School District and the tax assessors and collectors for those entities. Having found no error in the granting of these judgments, we affirm.

Texas National Bank filed suit in December of 1983 to recover bank stock taxes paid from 1979 to 1982 under Section 11.02 of the Texas Property Tax Code,[1] alleging that the taxes were unlawfully collected under an unconstitutional statute. In five points of error it attacks the summary judgments. In point one it claims that Section 11.02 was unconstitutional and void because it violated 31 U.S.C. 3124 which prohibits state taxation of federal stocks and obligations. The taxing authorities made no deduction for federal obligations owned by the Bank in valuing its stock. Section 3124 "applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax...."

In point of error two, the bank claims that it was not the proper party because the tax was levied against the shareholders. Point three contests the trial court's holding that the taxes for 1979 to 1982 were voluntarily paid. Points four and five allege that the court erred in holding that the bank's suit was barred by its failure to comply with the time limitations set out in Chapters 41 and 42 of the Code. Appellant claims these limitations are violative of due process. Appellant says the claim should be controlled by the three year limitation under Section 31.11 of the code.

The taxing authorities correctly point out that two issues are dispositive of the appeal: (1) Did appellant raise an issue of material fact sufficient to preclude the court's application of the voluntary payment rule and (2) if not, does Section 31.11 of the Property Tax Code offer appellant an alternative remedy?

■ Texas has long followed the voluntary payment rule which states that a tax

1. The bank stock tax provided for in § 11.02 was repealed effective January 1, 1985, and a franchise tax was enacted in lieu thereof, effective May 1, 1985.

voluntarily paid cannot be recovered even though it was illegal. *City of Houston v. Feizer,* 76 Tex. 365, 13 S.W. 266, 267 (Tex. 1890); *National Biscuit Co. v. State,* 134 Tex. 293, 135 S.W.2d 687 (Tex.1940); *State v. Connecticut General Life Insurance Co.,* 382 S.W.2d 745 (Tex.1964); *Johnson Controls, Inc. v. Carrollton–Farmers Branch Independent School District,* 605 S.W.2d 688, 689 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *San Antonio Independent School District v. National Bank of Commerce,* 626 S.W.2d 794 (Tex.App.— San Antonio 1981, no writ). This rule discourages litigation and gives stability to a taxing authority in the conduct of its affairs. *Johnson Controls Inc., supra.*

The voluntary payment rule has been applied in cases under the Property Tax Code. In *Hunt County Tax Appraisal District v. Rubbermaid, Inc.,* 719 S.W.2d 215, 218 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) it was held that full payment of taxes assessed under the Code rendered moot all questions as to their validity. In *Salvaggio v. Houston Independent School District,* 709 S.W.2d 306, (Tex.App.—Houston [14th Dist.] 1986, writ dism'd), this court held likewise, as follows:

> This rule, which has long been the law in Texas, stands for the proposition that taxes voluntarily paid may not be recovered by the taxpayer even though the tax is illegal. (Citations.) The only exceptions to the rule against the recovery of voluntary payment of an illegal tax are (1) fraud; (2) express or implied duress; and (3) mutual mistake of fact. 709 S.W.2d at 308.

Appellant has withdrawn its claim of fraudulent conduct by the taxing authorities. It contends, however, that it is within the exceptions to the rule because it paid the tax in question under duress or, alternatively, under a mutual mistake of fact.

The bank submitted an affidavit of its executive vice president who stated that the taxes were paid to avoid statutory penalties and interest and that unpaid taxes would be a black mark on the bank's annual certified audit which would affect its ability to procure a blanket bond. He spec-ulated that not having the bond would adversely affect the bank's ability to do business. In support of the bank's allegations of a mutual mistake of fact, the vice president stated that the taxes would not have been paid had the bank known that the tax was unconstitutional. The bank allegedly did not know that the federal obligations it held were beyond the jurisdiction of the local taxing authorities.

The trial court correctly considered these claims insufficient to raise a material fact issue regarding the voluntary nature of the bank's payment. Duress, if any, must be directly attributable to the terms of the taxing statute. *National Biscuit Co. v. State,* 134 Tex. 293, 135 S.W.2d 687 (1940). Appellant cited no applicable Code provision for any penalty which would constitute duress under existing case law. The claim of coercion because of the audit and the possibility that failure to obtain a bond would affect the bank's ability to do business are unrelated to the scope of the statute and therefore irrelevant.

The claim that statutory penalties constitute implied duress has been consistently rejected by the courts without a showing of "business compulsion." The "business compulsion" test requires a showing that the taxing statute imposes an onerous burden for non-payment which potentially deprives the taxpayer of the right to do business. This test has been applied to franchise and occupation taxes but has not been extended to ad valorem taxes. *Johnson Controls Inc.,* 605 S.W.2d at 690. See *State v. Akin Products Co.,* 279 S.W.2d 409 (Tex.Civ.App.—San Antonio 1955) *aff'd* 155 Tex. 348, 286 S.W.2d 110 (1956) and *Crow v. City of Corpus Christi,* 146 Tex. 558, 209 S.W.2d 922 (1948). These cases consistently concern a summary forfeiture of the right to do business as a valid example of duress. No such penalty was threatened here.

*Fort Bend Independent School District v. Weiss,* 570 S.W.2d 241 (Tex.Civ.App.— Houston [1st Dist.] 1978, no writ) is distinguishable. In timely compliance with the proper procedure for protesting an increased assessment and the amount of a

tax, Weiss tendered the sum he calculated to be due and withheld only that portion which he was contesting. The taxing authorities refused to accept partial payment. This forced him to pay the entire amount to escape penalty and interest charges and to preserve his right to appeal. Weiss paid only after this attempted compliance and then brought suit for injunctive relief and refund. The trial court granted summary judgment enjoining the taxing authorities from enforcing their increased assessment and ordering them to refund his excess payments. The taxing authorities appealed, raising the voluntary payment rule as a defense. The appellate court found that these uncontroverted facts were sufficient to negate the allegations of voluntary payment and support the summary judgment. There are no such extenuating facts here.

■ The bank's contention that the tax was paid under a mutual mistake of fact is also incorrect. A mistake of fact occurs where one understands the facts to be other than they actually are. The mistake of fact must be mutual and not merely the product of the complaining party's inattention. In contrast, a mistake of law occurs where one cognizant of the facts reaches an erroneous conclusion as to the legal consequences or effect of those facts. The mistakes alleged here are unilateral mistakes of law which are not an exception to the voluntary payment rule. *Amplifone Corp. v. Cameron County,* 577 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1979, no writ). See also, *San Antonio I.S.D. v. National Bank of Commerce, supra,* 626 S.W.2d at 796–797, where an error in computing a tax was considered a mutual mistake of fact.

Since there was no issue of material fact regarding any defense to the voluntary payment rule, summary judgment was proper. Application of this rule renders moot all questions as to the validity of the tax. *Hunt County Tax Appraisal District v. Rubbermaid, Inc.,* 719 S.W.2d at 218. Appellant's points of error one, two and three are overruled.

Point of error two is overruled additionally because the alleged error was not preserved in the trial court.

■ The sole remaining question is whether Section 31.11 of the Property Tax Code offers the bank an alternative remedy. Application of this section does not depend upon a showing that payment was involuntary. It is clear from the language of the statute itself that Section 31.11 applies only in cases where the tax is correctly *assessed* but the taxpayer erred in paying it. Such cases would include accidental payment on the wrong account, inadvertent payment of a greater amount than that assessed or an overpayment caused by errors in calculation.

■ The bank's real complaint here is that its stock was improperly valued by the inclusion of the federal obligations it owned. This situation is covered by Chapters 41 and 42 of the Code and its procedures must be followed to protest valuation of the property to be taxed and to preserve the taxpayers' right of appeal. Section 42.-09 provides that the remedies and procedures for protest prescribed by chapters 41 and 42 are exclusive. *Dallas County Appraisal District v. Lal,* 701 S.W.2d 44, 46 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). These provisions meet the requirements of due process. *Brooks v. Bachus,* 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). The bank admits that it followed none of these procedures in this case.

Since Section 31.11 is inapplicable, the three year statute of limitation provided for therein does not apply. Appellant's fourth and fifth points of error are overruled. The judgment of the trial court is affirmed.