CITY OF LAREDO, Appellant,

v.

SOUTH TEXAS NATIONAL BANK, International Bank of Commerce and Laredo National Bank, Appellees.

No. 04–88–00225–CV.

Court of Appeals of Texas,
San Antonio.

July 12, 1989.
Rehearing Denied Aug. 10, 1989.

Jerry Bruce Cain and Anthony McGettrick, Laredo, for appellant.

Steve A. Whitworth, Laredo, for appellees.

Before CADENA, C.J., and BIERY and CARR, JJ.

OPINION

BIERY, Justice.

The City of Laredo ("City") sued South Texas National Bank, International Bank of Commerce of Laredo and Laredo National Bank ("Banks") for delinquent ad valorem taxes on bank shares. Banks responded with a counterclaim for declaratory relief that the taxes were illegally assessed. Banks' summary judgment motions were granted and a judgment in excess of $80,000 for Banks' attorney fees was awarded. City's motion for partial summary judgment was denied. City concedes that the taxes assessed and levied for the years in issue (1979 through 1982) suffer the same defect which the Supreme Court of the United States found in *American Bank & Trust Co. v. Dallas County*, 463 U.S. 855, 103 S.Ct. 3369, 77 L.Ed.2d 1072 (1983).

City appeals on the following grounds: that Banks voluntarily paid the taxes; that Banks should have been required to show substantial injury as a condition precedent to a judgment in their favor; that City's cause of action against Laredo National Bank for the 1980 taxes was not barred by the statute of limitations; that the attorney fees awarded to Banks were improper; and that the trial court erred in requiring City to use the book value method of reassessing the taxes on the bank shares for the years in issue without considering directly or indirectly federal obligations held by Banks. We modify and affirm in part and reverse and remand in part.

In its first three points of error, City contends that Banks should be precluded from recovery of the taxes paid because Banks paid the taxes voluntarily. Pursuant to an agreement in 1983 between counsel for City and Banks and pursuant to a court order, payment of the disputed taxes was made by Banks into the registry of the district court, and City agreed to refund any amounts found to constitute an illegal tax. When City withdrew the amounts paid from the registry of the district court, it placed those funds in a "deferred revenue account," where they have remained during the pendency of this litigation.

It is well settled that a person who voluntarily pays an illegal tax has no claim for repayment. *National Biscuit Co. v. State*, 134 Tex. 293, 135 S.W.2d 687, 692 (1940); *Hunt County Tax Appraisal Dist. v. Rubbermaid, Inc.*, 719 S.W.2d 215, 218 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *San Antonio Indep. School Dist. v. National Bank of Commerce*, 626 S.W.2d 794, 796 (Tex.App.—San Antonio 1981, no writ); *Johnson Controls, Inc. v. Carrollton–Farmers Branch Indep. School Dist.*, 605 S.W.2d 688, 689 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). We note, however, that there are cases in which the particular facts allow for an exception to this rule. *Fort Bend Indep. School Dist. v. Weiss*, 570 S.W.2d 241, 243 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *City of San Antonio v. Grayburg Oil Co.*, 259 S.W. 985, 986 (Tex.Civ.App.—San Antonio 1924, no writ); *cf. Texas Nat'l Bank v. Harris County*, 765 S.W.2d 823, 825–826 (Tex.App.—Houston [14th Dist.] 1988, no writ).

In the instant case, the summary judgment record clearly establishes the following:

(1) Banks consistently took the position that the method being used by City was illegal.

(2) City never challenged the trial court's preliminary order allowing payment of the disputed funds into the registry of the court, accepted the benefits of the order by withdrawing the funds and did not raise the issue of voluntary payment until over four years later.

(3) City's attorney, by letter dated January 28, 1983, accepted Bank's payment through the registry of the court and "agrees to refund any amount paid by the respective banks ... which may in the future be held by a court of competent jurisdiction to constitute an illegal tax."

Our judicial system and our concepts of professional responsibility encourage parties and their counsel to make agreements for the expeditious resolution of disputes. When such agreements are made, as in this case, they should be honored. A party should not be allowed to lull an opposing

party into a belief that an agreement has been made upon which the opposing party can rely and, subsequently, renege on the agreement. Had there not been an agreement, Banks would have had the option of paying the amount of taxes not in dispute.

■ Further, the public policy reason for the voluntary payment doctrine is to prevent the taxing entity from using funds paid by taxpayers in a given budget year and subsequently being required to refund these amounts. City concedes that such public policy reason does not exist in this instance because City has not used the funds and has placed the money at issue in a deferred revenue account pending the outcome of this litigation.

■ Under these limited factual circumstances, we cannot agree that the payments made by Banks were voluntary. Points of error one, two and three are overruled.

■ In points of error four and five, City contends that Banks are required to prove substantial injury in order to prevail. City concedes that the Supreme Court of the United States held in *American Bank*, 463 U.S. at 858, 103 S.Ct. at 3372, that assessments which include exempt property are disapproved. This court has held that proof of substantial injury is not required in cases involving the taxation of exempt property. *Charles Schreiner Bank v. Kerrville Indep. School Dist.*, 683 S.W.2d 466, 471 (Tex.App.—San Antonio 1984, no writ). City's points of error numbers four and five are overruled.

In point of error number six, City contends that the trial court erred in granting summary judgment for Laredo National Bank to the extent that the collection of 1980 taxes from the Laredo National Bank was barred by the applicable statute of limitations. TEX.TAX CODE ANN. § 33.05(a)(1) (Vernon 1982).

On December 5, 1983, Banks filed their first amended original answer and "cross-action"[1] against City. Laredo National Bank named itself as a defendant and as a "cross-plaintiff" in this litigation, although it had not been named as a defendant by the City prior to that time. Further, Laredo National Bank had filed a motion to pay disputed taxes under protest through the registry of the court. Pursuant to an agreement between the parties and an agreed court order, Laredo National Bank was permitted to pay through the registry of the court the 1980 and 1981 taxes owed to all taxing entities for the 1980 and 1981 tax years, including the City. It was not until December 31, 1985 that the City, in its second amended original petition, formally named Laredo National Bank as a party defendant to seek payment of delinquent ad valorem taxes on the bank shares for the 1980, 1981 and 1982 tax years.

■ All that is required to arrest the statute of limitations is a petition that advises a defendant of the nature of the cause of action against him, regardless of how defectively this is done. *Sheldon Indep. School Dist. v. M.L. Hudson Elec. Co.*, 567 S.W.2d 541, 543 (Tex.Civ.App.— Tyler 1978, no writ). Laredo National Bank's own pleading of December 5, 1983 named itself as a defendant and raised the issues necessary to a determination of the matter of the taxes due the City of Laredo for the 1980 tax year. The allegations contained in the first amended original answer and "cross-action" of Banks were sufficient to put all parties on notice that the collection of delinquent taxes on bank stock from the 1980 tax year was at issue.

The 1982 agreement, which was well within the statute of limitations, between counsel for Laredo National Bank and counsel for the City explicitly contemplated that only illegally assessed taxes would be refunded to Laredo National Bank. Implicitly, Laredo National Bank made a new promise in October 1982 to pay the legally assessed 1980 taxes. Just as Banks expected City to honor its agreement, this agreement should be honored as well. In light of these particular facts, Laredo National Bank is estopped from raising the statute of limitations. Point of error number six is sustained.

---

1. The pleading should have been denominated as a counterclaim. Tex.R.Civ.P. 97.

■ Point of error number seven contends that there is no basis for a statutory award of attorney fees. Section 37.009 of the TEX.CIV.PRAC. & REM.CODE (Vernon 1986) was amended, effective May 25, 1981, to provide: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorneys fees as are equitable and just." [2] However, had Banks proceeded under the more usual procedure of an appeal under the Property Tax Code, Banks would have been limited to attorney fees not to exceed the greater of $5,000.00 or 20% of the total amount of taxes in dispute. TEX.TAX CODE ANN. § 42.29 (Vernon Supp.1988). The obvious intent of the legislature was to limit the amount of exposure for governmental entities in connection with the costs of this type of litigation. We decline to circumvent the legislative intent by allowing unlimited attorney fees under the Declaratory Judgments Act. Point of error number seven is sustained to the extent that the award of attorney fees exceeded the limitations set out by the legislature.

■ Points of error eight and nine challenge the trial court's action in allowing Arthur Volpe to testify on behalf of Banks as an expert concerning the Banks' claim for attorney fees. In responding to interrogatories by City for trial, Banks failed to list Volpe as an expert witness. The record does not reflect that good cause was shown to allow Volpe's testimony; therefore, it should have been excluded. *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987). Points of error eight and nine are sustained.

■ In points of error ten and eleven, City contends that the trial court erred in directing City on the precise manner in which the taxes should be reassessed. In *Charles Schreiner Bank*, this court stated: "Nothing herein shall be interpreted as being a denial of the right of taxing agencies to reassess the shares of stock in accordance with applicable law." *Charles Schreiner Bank*, 683 S.W.2d at 473. In *American Bank*, the United States Supreme Court stated: "Accordingly, we need not decide whether Texas, by the use of some other method of assessing the shares, could avoid the plain prohibition of the statute." *American Bank*, 463 U.S. at 865 n. 10, 103 S.Ct. at 3376 n. 10. In *First Nat'l Bank v. Bartow County Bd. of Assessors*, 470 U.S. 583, 105 S.Ct. 1516, 84 L.Ed.2d 535 (1985), the U.S. Supreme Court approved an alternative method of assessment of bank shares:

> The tax exemption required by the Constitution and § 3701 is not a tax shelter. Federal obligations may be acquired, in part, by liabilities and when they are, a pro rata method of allocating a fair share of the federal obligations to liabilities does not infringe upon the constitutional or statutory immunity federal obligations enjoy. *First Nat'l*, 470 U.S. at 597, 105 S.Ct. at 1524.

Finally, *First Nat'l* noted the limitation of scope of the *American Bank* opinion: "*American Bank* therefore addressed the forms of taxation that must allow an exemption for federal obligation; it did not examine the scope of the exemption that must be provided." *First Nat'l*, 470 U.S. at 589, 105 S.Ct. at 1520. Points of error ten and eleven are sustained.

The judgment of the trial court is modified as follows: 1) that part of the judgment which directs City in the precise manner in which it is to reassess the ad valorem taxes on Bank shares for the years in question is set aside; 2) the award of attorney fees in the amount of $84,500.00 is deleted; and 3) City is not barred by limitations from reassessing the ad valorem taxes on bank shares of Laredo National Bank for the 1980 tax year.

The judgment of the trial court is remanded for further proceedings consistent with this opinion and the authorities cited herein on the following issues:

(1) City's cause of action against Laredo National Bank for 1980 taxes;

(2) attorney fees to banks; and

---

**2.** This cause of action actually arose before May 25, 1981, at which point TEX.REV.CIV.STAT. ANN. art. 2524–1 § 10 was still in effect. This statute, however, does not affect the resolution of this issue. *See infra.*

(3) an order for reassessment of taxes for the years in issue in accordance with applicable law.

In all other respects, the judgment of the trial court is affirmed.