

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 26, 2004

The Honorable David Swinford
Chair, Committee on Government Reform
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0194

Re: Refund of taxes on travel trailers (RQ-0148-GA)

The Honorable James A. Farren
Randall County Criminal District Attorney
501 16th Street
Canyon, Texas 79015

Gentlemen:

You both ask whether a school district that collected ad valorem taxes on travel trailers under prior law may now refund those taxes pursuant to Texas Constitution, article VIII, section 1, as amended in 2003, and Tax Code section 11.14(a).[1] *See* Tex. S.J. Res. 25, 78th Leg., R.S., 2003 Tex. Gen. Laws 6217;[2] TEX. TAX CODE ANN. § 11.14(a) (Vernon Supp. 2004). In addition, Representative Swinford asks whether a school district is required to refund such taxes and Mr. Farren asks about procedures for refunding the taxes. *See* Swinford Request Letter, *supra* note 1, at 1; Farren Request Letter, *supra* note 1, at 7-8.

## I.     **Legal Background**

Texas Constitution, article VIII, section 1(b) provides that "[a]ll real property and tangible personal property in this State, unless exempt as required or permitted by this Constitution, . . . shall be taxed in proportion to its value." TEX. CONST. art. VIII, § 1(b). Section 1(d) provides that "[t]he Legislature by general law *shall* exempt from ad valorem taxation household goods not held or used

---

[1]Letter from Honorable David Swinford, Chair, Committee on Government Reform, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Dec. 9, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Swinford Request Letter]; Letter from Honorable James A. Farren, Randall County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 5, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Farren Request Letter].

[2]Adopted September 13, 2003. *See* TEX. CONST. art. VIII, § 1 (Vernon Supp. 2004) (notes regarding text of sections 1(d) and (i-1) upon adoption).

for the production of income and personal effects not held or used for the production of income" and that the "legislature by general law *may* exempt from ad valorem taxation . . . all or part of the personal property homestead of a family or single adult," as well as other specifically described property. *Id.* § 1(d) (emphasis added).

Article VIII, section 1 was amended in 2001, adding certain travel trailers to the property that the legislature could exempt from ad valorem taxation. *See* Tex. H.R.J. Res. 44, 77th Leg., R.S., 2001 Tex. Gen. Laws 6705 (adopted 2001). The 2003 amendment revised the exemption for travel trailers. Your questions require us to address both amendments.

The legislature proposed the 2001 amendment to address the difficulties in applying the property tax laws to travel trailers. *See* TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS 116 (2001). Before 2000, a travel trailer that had been permanently attached to the land could be treated as real property. *See id.* If used as the owner's primary residence, the trailer could qualify for tax exemptions applicable to residence homesteads. *See id. See also* TEX. CONST. art. VIII, § 1-b; TEX. TAX CODE ANN. § 11.13 (Vernon Supp. 2004) (homestead exemption). Otherwise, it would be fully taxable as real property. *See* TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS 116 (2001). Travel trailers not attached to the land were tangible personal property and, if not used for producing income, were exempt from property tax unless a particular taxing unit elected to tax them. *See id.*; TEX. TAX CODE ANN. § 11.14(c) (Vernon Supp. 2004) (taxing unit may provide for taxing tangible personal property not held or used to produce income). Given the complexities in applying property tax laws to travel trailers, it was possible that taxing units would reach inconsistent results. *See* TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS 116 (2001). *See also Rourk v. Cameron Appraisal Dist.*, 131 S.W.3d 285 (Tex. App.–Corpus Christi 2004, pet. filed) (class action by travel trailer owners against appraisal district, seeking declaration that trailers were not subject to ad valorem tax in 2000 and 2001); Tex. Att'y Gen. Op. Nos. JC-0282 (2000) (considering whether a travel trailer attached to real property is an improvement to the land), JC-0150 (1999) (considering whether travel trailers may be subject to property tax).

The 2001 amendment added to section 1(d) the language italicized below:

> (d) The Legislature by general law may exempt from ad valorem taxation:
>
> (1) [personal property homestead];
>
> (2) subject to Subsections (e), (g), *and (j)* of this section, all other tangible personal property, except structures which are personal property and are used or occupied as residential dwellings and except property held or used for the production of income; and

> (3) [subject to subsection (e) a leased motor
> vehicle not held primarily for the production of
> income].

Tex. H.R.J. Res. 44, 77th Leg., R.S., 2001 Tex. Gen. Laws 6705 (adopted 2001) (emphasis added). Section 1(e) authorizes a political subdivision to tax property exempt under a law adopted under section 1(d)(2) or (3) of article VIII "and not exempt from ad valorem taxation by any other law," while section 1(g) authorizes the legislature to exempt from ad valorem tax tangible personal property held or used to produce income if its taxable value is less than the costs of administering the taxes on the property. TEX. CONST art. VIII, § 1(e), (g).

The 2001 amendment also added subsection (j) to section 1:

> (j) The Legislature by general law may authorize a taxing unit,
> *other than a school district*, to exempt from ad valorem taxation by
> the taxing unit, a travel trailer, as defined by the Legislature,
> regardless of whether the travel trailer is real or personal property,
> that:
>
> > (1) [is registered in Texas on January 1 of the
> > tax year]; and
>
> > (2) is not held or used for the production of
> > income.

Tex. H.R.J. Res. 44, § 1, 77th Leg., R.S., 2001 Tex. Gen. Laws 6705 (adopted 2001) (emphasis added). The ballot permitted voting for or against the proposition: "The constitutional amendment to authorize the legislature to authorize taxing units other than school districts to exempt from ad valorem taxation travel trailers that are not held or used for the production of income." *Id.* § 2.

Subsection (j) was effective January 1, 2002. *See id.* § 1 (section (j-1)). House Bill 2076, the legislation implementing the exemption, adopted section 11.142 of the Tax Code, providing that the "governing body of a taxing unit, *other than a school district*, . . . may exempt from taxation a travel trailer." *See* Act of May 22, 2001, 77th Leg., R.S., ch. 521, § 2, 2001 Tex. Gen. Laws 978, *repealed by* Act of Apr. 1, 2003, 78th Leg., R.S., ch. 5, § 2, 2003 Tex. Gen. Laws 6 (emphasis added).

The 2001 constitutional amendment and the enabling legislation excluded school districts from the taxing units that might exempt travel trailers from ad valorem taxes. As a result of these provisions, some school districts that had not previously taxed travel trailers began to tax them. *See* HOUSE RESEARCH ORGANIZATION, AMENDMENTS PROPOSED FOR SEPTEMBER 2003 BALLOT 16 (Focus Report No. 78-10) (analysis of S.J. Res. 25, proposing repeal of Texas Constitution, article VIII, § 1(j)). In 2003, the Seventy-eighth Legislature proposed and the voters approved an

amendment to article VIII, section 1 of the Texas Constitution, designed to make the exemption for travel trailers apply in school districts as well as other taxing units. *See* Tex. S.J. Res. 25, § 4, 78th Leg., R.S., 2003 Tex. Gen. Laws 6217, 6218 (adopted 2003); TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS, Amendment No. 5 (2003), *available at* http://www.tlc.state.tx.us. The 2003 amendment added to section 1(d) the language italicized below:

> (d) The Legislature by general law shall exempt from ad valorem taxation household goods not held or used for the production of income and personal effects not held or used for the production of income.  The Legislature by general law may exempt from ad valorem taxation:
>
> > (1) [personal property homestead];
>
> > (2) subject to Subsections (e) *and (g)* of this section, all other tangible personal property, except structures which are *substantially affixed to real estate* and are used or occupied as residential dwellings and except property held or used for the production of income.

Tex. S.J. Res. 25, § 2, 78th Leg., R.S., 2003 Tex. Gen. Laws 6217 (adopted 2003) (emphasis added). *See* TEX. CONST. art. VIII, § 1(e) (political subdivision may tax property exempt under a law adopted under section 1(d)(2) or (3)); *id.* § 1(g) (legislature may exempt from ad valorem tax tangible personal property held or used to produce income if its taxable value is less than the costs of administering the taxes on the property).

The 2003 constitutional amendment also repealed section 1(j) and adopted the following provision:

> (i-1) Temporary Provision.  (a) This temporary provision applies to the constitutional amendment proposed by the 78th Legislature, Regular Session, 2003, authorizing the legislature to exempt from ad valorem taxation a travel trailer not held or used for the production of income and expires January 1, 2005.
>
> (b) The amendment to Section 1(d), Article VIII of this constitution, takes effect January 1, 2004, *and applies only to a tax year that begins on or after January 1, 2002.* The repeal of Section 1(j), Article VIII of this constitution, takes effect January 1, 2004.

Tex. S.J. Res. 25, § 3, 78th Leg., R.S., 2003 Tex. Gen. Laws 6217, 6218 (emphasis added).

The temporary provision makes the amendment to section 1(d) retroactive, authorizing the legislature to exempt travel trailers from ad valorem tax as of the 2002 tax year. The legislature's authority to adopt such retroactive exemption expires January 1, 2005. See *id.* § 3(a). Senate Bill 510 of the Seventy-eighth Legislature, an act "relating to the exemption of certain travel trailers from ad valorem taxation," implements the 2003 constitutional amendment. Act of Apr. 1, 2003, 78th Leg., R.S., ch. 5, § 1, 2003 Tex. Gen. Laws 6 (title). This enactment repealed former section 11.142, which barred school districts from exempting travel trailers from property tax, and amended section 11.14(a) by adding the language emphasized below:

> (a) A person is entitled to an exemption from taxation of all tangible personal property, other than manufactured homes,[3] that the person owns and that is not held or used for production of income. This subsection does not exempt from taxation a *structure that a person owns which is substantially affixed to real estate and is used or occupied as a residential dwelling.*

TEX. TAX CODE ANN. § 11.14(a) (Vernon Supp. 2004), *as amended by* Act of Apr. 1, 2003, 78th Leg., R.S., ch. 5, § 1, 2003 Tex. Gen. Laws 6 (emphasis added). The 2003 amendment to section 11.14(a), like the 2003 amendment to article VIII, section 1(d), is retroactive, the effective date clause providing that "[t]his Act applies to taxes imposed for the tax year 2002 and thereafter."[4] *Id.* § 3. While the amendment to section 11.14(a) provides a retroactive exemption, it says nothing about refunds to persons who paid the tax.

## II.     **Questions Presented**

Representative Swinford asks whether a school district must refund ad valorem taxes collected for the 2002 tax year on a travel trailer now exempt from taxation under article VIII, section 1(d) and Tax Code section 11.14. *See* Swinford Request Letter, *supra* note 1, at 5. He points out that the legislature did not expressly require that taxes collected for the 2002 tax year be refunded. *See id.* If a school district is not required to refund such taxes, he asks whether the governing body of a school district may elect to authorize such refunds. *See id.* at 1.

Mr. Farren asks whether a school district may legally refund taxes on travel trailers that were taxable by law for 2002 and 2003. Farren Request Letter, *supra* note 1, at 7. He also asks the following questions:

---

[3]"Manufactured home" in Tax Code section 11.14(a) "has the meaning assigned by Section 11.432 of this code." TEX. TAX CODE ANN. § 11.14(b) (Vernon Supp. 2004). Tax Code section 11.432 addresses the homestead exemption for manufactured homes. *See id.* § 11.432.

[4]Absent the 2003 amendment to Texas Constitution, article VIII, section 1(d), the retroactive tax exemption would raise certain constitutional issues. *See* TEX. CONST. art. III, § 52 (legislature may not authorize political subdivision to give or grant public funds to individual); *id.* art. III, § 55 (prohibiting release of corporate or individual liabilities to state, counties, or municipal corporations); *id.* art. VIII, § 10 (legislature has no power to release inhabitants of any county or city from payment of taxes, subject to exception).

[B]y what authority should the appraisal district act to exempt such property for 2002 and 2003?

[I]f the appraisal district is required to exempt such property for 2002 and 2003, what procedure should the appraisal district and tax assessor/collector take to remove the property from the tax roll and to refund the money?

[I]f the school district is not the tax assessor/collector, should the tax assessor/collector be the entity to process the refunds from the current year collections for the school district?

*Id.* at 7-8.

## A.    Authority of Political Subdivisions, Including School Districts, to Exempt Travel Trailers from Property Tax

Senate Bill 510 of the Seventy-eighth Legislature exempts travel trailers from ad valorem taxation as of the 2002 tax year. *See* Act of Apr. 1, 2003, 78th Leg., R.S., ch. 5, § 3, 2003 Tex. Gen. Laws 6 (effective date provision). Appraisal districts do not need to take any action to provide the exemption for the years 2002 and 2003. Nor do school districts that taxed travel trailers in 2002 and 2003 need to take action now to exempt travel trailers from tax, because Senate Bill 510 does so as a matter of law.

A school district still has constitutional and statutory authority to tax travel trailers in any tax year, including the years 2002 and 2003. Texas Constitution article VIII, section 1(d)(2) authorizes the legislature to exempt travel trailers from ad valorem tax, but a political subdivision also has constitutional authority to tax personal property exempted by the legislature. *See* TEX. CONST. art. VIII, § 1(d)(2), (e). Tax Code section 11.14(a), as amended in 2003, provides a tax exemption applicable to "tangible personal property" including travel trailers, but under section 11.14(c) "[t]he governing body of a taxing unit, by resolution or order, depending upon the method prescribed by law for official action by that governing body, may provide for taxation of tangible personal property exempted under Subsection (a)." TEX. TAX CODE ANN. § 11.14(a), (c) (Vernon Supp. 2004). If a taxing unit provides for taxing such property, "the exemption prescribed by Subsection (a) does not apply to that unit." *Id.* § 11.14(c). It must first hold a hearing on the matter; giving notice as required by section 11.14(e). *See id.* § 11.14(e). Thus, a school district may act to tax travel trailers for the 2002 and 2003 tax years pursuant to section 11.14(c). If it does so, such taxes remain in place and the question of refunds for those tax years does not arise.

## B.    Legal Authority for Tax Refunds

You ask whether a school district is required by existing law to refund taxes on travel trailers collected in the 2002 and 2003 tax years. Under common law, the voluntary payment of an illegal tax will not support a claim for repayment. *See State v. Conn. Gen. Life Ins. Co.*, 382 S.W.2d

745, 746-47 (Tex. 1964); *Austin Nat'l Bank v. Sheppard*, 71 S.W.2d 242, 245-46 (Tex. 1934); *Galveston County v. Gorham*, 49 Tex. 279 (1878). *See also Tex. Nat'l Bank of Baytown v. Harris County*, 765 S.W.2d 823, 825 (Tex. App.–Houston [14th Dist.] 1988, writ denied) (applying voluntary payment rule in case involving property tax). A person who has paid an illegal fee or tax can receive a refund only upon a showing that the payment resulted from fraud, mutual mistake of fact, or duress, whether implied or express. *See Sheppard*, 71 S.W.2d at 246; *Camacho v. Samaniego*, 954 S.W.2d 811, 826 (Tex. App.–El Paso 1997, writ denied). *See also Conn. Gen. Life Ins. Co.*, 382 S.W.2d at 746-47. A mistake of law is not a valid ground for repayment of a tax. *Camacho*, 954 S.W.2d at 826; *Gould v. City of El Paso*, 440 S.W.2d 696, 698-99 (Tex. Civ. App.–El Paso 1969, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JC-0286 (2000). The voluntary payment rule assumes that everyone knows the law, and if one voluntarily makes a payment that the law does not compel him to make, he cannot later base a refund claim on ignorance of the law. *Johnson Controls, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 605 S.W.2d 688 (Tex. Civ. App.–Dallas 1980, writ ref'd n.r.e.).

Statutes authorizing taxpayers to recover illegal taxes create a right that did not exist at common law. *See Bullock v. Amoco Prod. Co.*, 608 S.W.2d 899, 900 (Tex. 1980). Where the legislation provides a method for seeking recovery of a tax "the courts may act only in the manner provided by the statute which created the right." *Id.* This rule applies to local property taxes. *See Appraisal Review Bd. v. Internat'l Church of the Foursquare Gospel*, 719 S.W.2d 160 (Tex. 1986) (per curiam) (when statute creates a right not existing at common law and prescribes a remedy to enforce the right, compliance with statute is jurisdictional).

Tax Code chapters 41 and 42 establish strict procedures for protesting the collection of ad valorem taxes and securing a tax refund. *See* TEX. TAX CODE ANN. ch. 41, subch. C (Vernon 2001 & Supp. 2004) (Taxpayer Protest); *id.* § 42.01 (Vernon 2001) (property owner's right to appeal orders of appraisal review board); *id.* § 42.43 (Vernon 2001) (refund of taxes after final determination of appeal). *See also id.* § 31.071 (Vernon 2001) (taxpayer may make conditional payment of property taxes subject to a pending challenge or protest). These procedures are exclusive, with narrow exceptions, and a taxpayer who fails to raise a ground of protest at the required time may not rely on it to obtain a tax refund. *See id.* § 42.09; *Tex. Nat'l Bank of Baytown*, 765 S.W.2d at 826. *See also* TEX. TAX CODE ANN. § 31.115 (Vernon 2001) (taxpayer may show that payment of an ad valorem tax is involuntary by indicating that it is paid under protest on the payment instrument or in an accompanying document).

Tax Code section 31.11 provides for "a refund of an overpayment or erroneous payment of taxes" if the taxpayer applies to the taxing unit and the unit's auditor determines that "the payment was erroneous or excessive." *Id.* § 31.11(a) (Vernon Supp. 2004). If the refund exceeds a stated amount the governing body of the taxing unit must also determine that the payment was erroneous or excessive. *See id.* The taxing unit may apply the amount of refund to a tax delinquency on other property owned by the taxpayer. *See id.* § 31.11(b). If the taxpayer does not apply for a refund within three years after he paid the tax, the claim is waived. *See id.* § 31.11(c).

Judicial decisions have read section 31.11 narrowly. It applies "only in cases where the tax is correctly *assessed* but the taxpayer erred in paying it," for example, by "accidental payment on the wrong account, inadvertent payment of a greater amount than that assessed or an overpayment caused by errors in calculation." *Tex. Nat'l Bank of Baytown*, 765 S.W.2d at 826. *See also Brooks County Cent. Appraisal Dist. v. Tipperary Energy Corp.*, 847 S.W.2d 592, 598-99 (Tex. App.–San Antonio 1992, no writ) (taxpayer who paid taxes already paid by another entity was entitled to refund under section 31.11 for an "accidental payment on the wrong account"). A bank's payment of property taxes according to a Texas statute that the United States Supreme Court later invalidated was a "mistake of law." *First Bank of Deer Park v. Deer Park Indep. Sch. Dist.*, 770 S.W.2d 849, 850, 854 (Tex. App.–Texarkana 1989, writ denied) (citing *Am. Bank & Trust Co. v. Dallas County*, 463 U.S. 855 (1983), holding Texas statute invalid under federal law); *see Tex. Nat'l Bank of Baytown*, 765 S.W.2d at 825 (bank's payment of property tax under allegedly unconstitutional statute was unilateral mistake of law). Section 31.11 does not authorize a refund where the tax was paid as a mistake of law. *See First Bank of Deer Park*, 770 S.W.2d at 853; *Tex. Nat'l Bank of Baytown*, 765 S.W.2d at 826. The taxes that school districts collected on travel trailers in the 2002 and 2003 tax years were not collected due to either a mistake of law or a mistake of fact. Neither the common law nor the statutes require a school board to refund taxes collected on travel trailers in those years.

## C.     Whether a School District May Elect to Refund Taxes

The voluntary payment rule and the statutes on refunding ad valorem taxes relate to taxes that were illegal when paid. School districts were required by the constitution and statutory law to tax travel trailers in the 2002 and 2003 tax years. *See* Tex. H.R.J. Res. 44, 77th Leg., R.S., 2001 Tex. Gen. Laws 6705 (amendment to Texas Constitution article VIII, § 1, adopted 2001) (repealed 2003); Act of May 22, 2001, 77th Leg., R.S., ch. 521, § 2, 2001 Tex. Gen. Laws 978, *repealed by* Act of Apr. 1, 2003, 78th Leg., R.S., ch. 5, § 2, 2003 Tex. Gen. Laws 6. The tax on travel trailers that school districts collected in 2002 and 2003 was not illegal at that time. The cases and statutes on tax refunds do not address a tax that was legally collected but later became subject to a retroactive exemption. This body of law does not provide a present remedy for persons who paid taxes on travel trailers to school districts in 2002 and 2003.

No statute expressly authorizes a school district's governing body to refund taxes collected on travel trailers in 2002 and 2003, and we find no basis for concluding that school district governing bodies have implied authority to make such refunds. Section 45.105 of the Education Code, which governs the expenditure of public school funds, provides that "[l]ocal school funds from district taxes, tuition fees . . . , other local sources, and state funds not designated for a specific purpose may be used" for specific enumerated purposes including "other purposes necessary in the conduct of the public schools determined by the board of trustees." TEX. EDUC. CODE ANN. § 45.105(c) (Vernon Supp. 2004). While section 45.105 authorizes expenditures for various school district purposes, it does not authorize the school board to develop procedures necessary to refund taxes under a retroactive exemption.

Mr. Farren asks about procedural matters involving the retroactive change of tax rolls and the source of the refunds. *See* Farren Request Letter, *supra* note 1, at 7-8. Granting a refund would

also require a method of determining whether a particular travel trailer is within the statutory exemption:

> A person is entitled to an exemption from taxation of all tangible personal property, other than manufactured homes, that the person owns and that is not held or used for production of income. This subsection does not exempt from taxation a structure that a person owns which is substantially affixed to real estate and is used or occupied as a residential dwelling.

TEX. TAX CODE ANN. § 11.14(a) (Vernon Supp. 2004). *See also id.* § 11.432 (application of homestead exemption to manufactured homes). Determining whether a particular travel trailer is "substantially affixed to real estate" may involve the resolution of fact questions. Moreover, title 1 of the Tax Code provides for assessing, collecting, protesting, and refunding property taxes for all taxing units, including school districts. *See id.* § 1.02 (Vernon 2001). The procedures governing local property taxes are found in the Tax Code, and we would look there, and not to the Education Code provisions governing school district expenditures, for authority to refund a tax subject to a retroactive exemption. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases shall be read in context). We conclude that a school district may not elect to refund taxes on travel trailers collected in 2002 or 2003.

The public policy underlying the voluntary payment rule supports a conclusion that a school district may not, absent express authority, refund taxes it collected on travel trailers during the 2002 and 2003 tax years. The voluntary payment rule "gives stability to a taxing authority in the conduct of its affairs." *Tex. Nat'l Bank of Baytown*, 765 S.W.2d at 825. It prevents "the taxing entity from using funds paid by taxpayers in a given budget year and subsequently being required to refund these amounts." *City of Laredo v. S. Tex. Nat'l Bank*, 775 S.W.2d 729, 731 (Tex. Civ. App.– San Antonio 1989, writ denied). *See Gorham*, 49 Tex. at 303 (no refund of tax claimed to be illegally assessed, where all parties regarded it as valid when paid, and recovery could disrupt county fiscal affairs). A retroactive adjustment of school district property tax revenues may have an impact even beyond the school district. Government Code section 403.302 requires the Comptroller to determine the "total taxable value of all property in each school district." *See* TEX. GOV'T CODE ANN. § 403.302(a) (Vernon Supp. 2004). The Commissioner of Education uses that figure to calculate the state's support for school districts and determine the district's wealth per student under the Education Code's funding equalization provisions. *See* TEX. EDUC. CODE ANN. §§ 41.001-.002, 42.302(a) (Vernon Supp. 2004). *See also* Tex. Att'y Gen. Op. No. JC-0373 (2001). A legislative solution is necessary to establish procedures for adjusting the tax rolls, deciding whether refunds are authorized, providing for their payment, and addressing the school finance issues that would result from refunds. While the retroactive exemption may benefit persons who have not yet paid school district taxes on travel trailers for the 2002 and 2003 tax years, a school district has no express or implied statutory authority to refund such taxes to persons who have paid them.

## S U M M A R Y

Texas Constitution article VIII, section 1(d) and Tax Code section 11.14 as amended in 2003 exempt travel trailers from property tax as of the 2002 tax year. While the retroactive exemption may benefit persons who have not yet paid school district taxes on travel trailers for 2002 and 2003, there is no express or implied statutory authority for school districts that collected property tax on travel trailers in the 2002 and 2003 tax years to make refunds.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee