

# NUMBER 13-10-500-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LACK'S VALLEY STORES, LTD.,**                                    **Appellant,**

**v.**

**HIDALGO COUNTY APPRAISAL DISTRICT,**                         **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This is an appeal from a summary judgment granted in favor of Hidalgo County Appraisal District ("HCAD"), appellee, and against appellant, Lack's Valley Stores, LTD. ("Lack's") in a suit alleging a cause of action for the correction of clerical errors made to the appraisal rolls for the ad valorem property taxes and pursuant to section 25.25(c) of

the Texas Tax Code. *See* TEX. TAX CODE ANN. § 25.25(c) (West 2008). Lack's alleges that the clerical errors resulted from HCAD's failure to appropriately account for depreciation when appraising the market value of Lack's inventory. Lack's raises six issues, complaining that the trial court erred in granting summary judgment. We affirm.

## I. BACKGROUND

The petition filed by Lack's against HCAD urged a cause of action for the correction of clerical errors pursuant to section 25.25(c) of the Tax Code. *See id.* Lack's is a furniture retailer with inventory subject to ad valorem property taxes in Hidalgo County, Texas. HCAD assessed taxable values on Lack's inventory for the disputed years of 2003, 2004, and 2005. Following each assessment, HCAD subsequently sent Lack's a "Notice of Appraised Value," which informed Lack's of the taxable value associated with each account and contained information regarding the appeals process. For each year disputed, Lack's filed a "Notice of Protest" with the Hidalgo County Appraisal Review Board ("Review Board") disputing the taxable values associated with each of the various accounts. Following negotiations, the protested accounts received a reduced valuation in accordance with the settlement agreement. The protested accounts, along with the other non-protested accounts, then became the appraisal roll for each of the corresponding tax years. On August 7, 2008, after discovering that HCAD had failed to account for depreciation and had thus erred in their calculation of market value, Lack's filed a motion with the Review Board, alleging that clerical errors had been committed and should be corrected on the appraisal roll pursuant to section 25.25(c) of the Tax Code. *See id.* After evidence and arguments were submitted by both sides, the

2

Review Board ruled that there had been no clerical errors committed during the 2003, 2004, and 2005 tax years. Lack's subsequently filed suit seeking judicial review of the Review Board's decision.

On November 2, 2009, HCAD moved for traditional summary judgment. The motion detailed the facts and mentioned the cause of action pleaded—correction of clerical errors pursuant to section 25.25(c) of the Tax Code. *See id.* The motion stated that HCAD had not committed any clerical errors in their valuation. In support of this assertion, HCAD alleged that the market value rendered during the corresponding tax years resulted from the deliberate determination of HCAD and did not result from any errors in writing, copying, transcribing, entering, or retrieving computer data, computing or calculating. *See* TEX. TAX CODE ANN. § 1.04(18) (West 2008). HCAD's motion stated that the determination of a clerical error was a question of law, and therefore, this case was ripe for summary judgment since there were no genuine issues of material fact. HCAD further urged that the purpose of Lack's claim was to reassess the market value of the property and that section 25.25(c) of the Tax Code did not provide for such a remedy. *See id.* Consequently, Lack's was not entitled to any relief as a matter of law regarding the claims urged. The motion was supported by the affidavit of Rolando Garza, the Chief Appraiser for HCAD.

In response, Lack's argued that the motion was improper because material facts remain disputed and should be resolved prior to any such determination made on summary judgment. Lack's thus contends that any determination made on summary judgment was premature. Furthermore, Lack's specifically objected to the affidavit of Mr.

3

Rolando Garza, urging that the evidence was not only incompetent, but was also controverted by the expert report submitted by Lack's in response to HCAD's motion for summary judgment. The trial court granted HCAD's motion for summary judgment. Lack's subsequently filed this appeal.

## II.    STANDARD OF REVIEW

In a summary judgment case, the movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–216 (Tex. 2003); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). The movant carries the burden of proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). A defendant that conclusively negates at least one essential element of the plaintiff's cause of action is entitled to summary judgment. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Klentzman v. Brady*, 312 S.W.3d 886, 896-897 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The burden to raise a fact issue shifts to the non-movant only after the movant has established that it is entitled to summary judgment as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989).

We review a traditional motion for summary judgment *de novo*. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Valence Oper. Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). We consider the evidence in the light most favorable to the non-movant and resolve all doubts in the non-movant's favor. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547,

4

550 (Tex. 2005). Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as a ground for reversal. *See* TEX. R. CIV. P. 166a(c); *City of Houston*, 589 S.W.2d at 677.

### III. ANALYSIS

### A. Correction of Clerical Errors

Lack's contends, in issues four and five, that the trial court erred in its interpretation of "clerical error" by misconstruing the meaning of the word "failure" as defined by section 1.04(18) of the Texas Tax Code and by the legislative history of the statute. *See* TEX. TAX CODE ANN. § 1.04(18) (West 2008). Lack's alleges that HCAD's "failure" to account for depreciation, when assessing the market value of their inventory, constitutes a "clerical error" pursuant to the Tax Code. The Texas Tax Code defines "clerical error" as:

> (18) "Clerical error" means an error:
>
> (A) that is or results from a mistake or *failure* in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; or
>
> (B) that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

*Id.* (emphasis added).

The issue to be determined in this appeal is whether the word "failure," incorporated in the definition of "clerical error," includes failures to account for depreciation when assessing property valuations. We hold that it does not.

5

There is no case that specifically addresses the treatment of the word "failure" as set forth in the definition of "clerical error." Lack's contends that we should review the legislative history to aid in our interpretation of the statute. However, because this statute is clear and unambiguous, "we must seek the intent of the legislature in the plain and ordinary meaning of the words and terms used." *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex. 1990); *Comdisco v. Tarrant County Appraisal Dist.*, 927 S.W.2d 325, 327 (Tex. App.—Fort Worth 1996, writ ref'd n.r.e.).

Prior to the enactment of section 1.04(18) of the Tax Code, the Texas Supreme Court held that a clerical error occurred when such an error prevented the record from accurately reflecting the judgment actually rendered. *Andrews v. Koch*, 702 S.W.2d 584, 586 (Tex. 1986); *Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912). A clerical error is one that is not the result of judicial reasoning or determination, but rather occurs when a judgment is reduced to writing. *Andrews*, 702 S.W.2d at 585; *Dickens v. Willis*, 957 S.W.2d 657, 659–660 (Tex. App.—Austin 1997, no pet.). Courts generally define clerical errors as mistakes that are not the product of "judicial reasoning, evidence, or determination." *See Matagorda County Appraisal Dist. v. Conquest Exploration Co.,* 788 S.W.2d 687, 693 (Tex. App.—Corpus Christi 1990, no writ). Whether a clerical error has been committed is a question of law. *Andrews*, 702 S.W.2d at 585; *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1969).

The failure to account for depreciation is outside of the scope intended by the definition of "clerical error" pursuant to section 1.04(18) of the Tax Code. *See* TEX. TAX CODE ANN. § 1.04(18). HCAD's failure was not a simple, inadvertent omission made

6

while reducing a judgment into writing, but rather, the result of alleged reasoning and determination. The market value associated with each account was the byproduct of a deliberate determination by HCAD in which they assessed the property and gave it a value which they deemed appropriate. Therefore, the judgment actually entered was accurately reflected in the "Notice of Appraised Value" sent to Lack's and thus HCAD's failure to appropriately depreciate is not properly defined as a clerical error.

HCAD's alleged failure to properly assess the market value of Lack's inventory was the result of errors in the methodology, procedure, and/or computation. These are substantive issues that address the actual valuation of the property itself. However, section 25.25(c) does not make available to the taxpayer the opportunity to challenge the substantive reevaluation of a property's market value. *See Anderton v. Rockwall Central Appraisal Dist.*, 26 S.W.3d 539, 543 (Tex. App.—Dallas 2000, pet. denied); *see also* TEX. TAX CODE ANN. § 25.25(c). Rather, such claims must be brought through the appeals process set forth in Chapter 41 of the Texas Tax Code. *See Matagorda*, 788 S.W.2d at 692; *see also Texas Nat'l Bank of Baytown v. Harris County*, 765 S.W.2d 823, 826 (Tex. App.—Houston [14th Dist.] 1988, writ denied). We decline to expand the definition of "clerical error" beyond its intended scope as set forth by the legislature and overrule issues four and five.

## B.    Administrative Remedies

In issue six, Lack's contends that the trial court erred by granting summary judgment in favor of HCAD because, by doing so, it encourages bureaucratic failures and omissions. Lack's contends that the inflated property valuation is a constitutional

violation denying it the right to have its property appraised at market value and that condoning such unfair practices will inevitably destroy public respect for the ad valorem tax system. We find this point moot because Lack's failed to exhaust all possible administrative remedies.

Chapter 41 of the Texas Property Tax Code allows for either the Review Board or the taxpayer, by protest, to review an appraisal made by the appraisal district. *See* TEX. TAX CODE ANN. §§ 41.01–41.47 (West 2008 & Supp. 2010); *Matagorda*, 788 S.W.2d at 691. More specifically, a taxpayer may protest the determination regarding the market value of his property as long as the protest is done in accordance with the rules set forth in the Texas Tax Code. *See* TEX. TAX CODE ANN. § 41.41(a)(1); *Matagorda*, 788 S.W.2d at 691. A taxpayer, protesting the appraised value of his property, must follow the exclusive remedies in Chapter 41 of the Texas Property Tax Code. *See Matagorda*, 788 S.W.2d at 692; *see Texas National Bank of Baytown*, 765 S.W.2d at 826; *Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d 857, 862 (Tex. App.—Austin 1985, writ ref. n.r.e.). If a taxpayer fails to pursue these remedies, then judicial review will not be available to the taxpayer and any constitutional rights will be deemed waived. *Matagorda*, 788 S.W.2d at 692; *see A & S Air Service, Inc. v. Denton Cent. Appraisal Dist.*, 99 S.W.3d 340, 344 (Tex. App.—Fort Worth 2003, no pet.).

Lack's can no longer seek judicial review under Chapter 41 of the Tax Code because Lack's failed to follow the proper procedures when protesting their disputed accounts. Either by failing to protest or by settling any disputed accounts, Lack's failed to exhaust all administrative remedies available. Whenever a party fails to avail

8

themselves to the remedies available under Chapter 41 of the Tax Code, such as appearing in front of the Review Board to appeal the taxable value assessed, that failure will subsequently deprive a court of jurisdiction to review the matter. *See Harris County Appraisal Dist. v. Pasadena Prop., L.P., 197 S.W.3d 402, 405* (Tex. App.—Eastland 2006, pet denied); *Matagorda*, 788 S.W.2d at 692; *Birdwell v. City of Boyd, Wise County*, 233 S.W.2d 603, 607 (Tex. Civ. App.—Fort Worth 1950, no writ). Here, the time to file a protest has lapsed and the remedy available under Chapter 41 has expired. *See id.* § 41.04.

In this case, Lack's received notice regarding the valuation of its property and did in fact protest some of the accounts, which were later settled at a reduced value. The remaining accounts were not protested. Given that the computations and methodologies used in assessing market value were available at the time of notice, it was the duty of Lack's to effectively protest the valuations and/or the methodologies used when assessing market value. Regarding the accounts that they did protest, Lack's forfeited its right to judicial review by entering into a settlement agreement with HCAD. As to the accounts that were never protested, Lack's waived its rights by failing to pursue the remedies available pursuant to Chapter 41 of the Texas Tax Code. *See Matagorda*, 788 S.W.2d at 691–692. We overrule issue six.

## C.    Summary Judgment Evidence

Lack's contends in issues one and two that the trial court erred in granting summary judgment because there existed disputed fact issues and because the affidavit

9

of Mr. Rolando Garza should have been excluded as summary judgment evidence. We disagree.

The determination of a clerical error is a question of law. *Andrews*, 702 S.W.2d at 585; *Finlay*, 435 S.W.2d at 138. In this case, Lack's argues that since there were essential facts still disputed, the grant of the summary judgment motion was improper. However, Lack's concerns are misguided because the factual disputes all involve the substantive characteristics of the property's valuation and the methodology used in making such determinations. Section 25.25(c) of the Tax Code is not available to remedy issues pertaining to disputed property valuations. *Anderton*, 26 S.W.3d at 543; *see also* TEX. TAX CODE ANN. § 25.25(c). Regardless of the manner in which the valuation was conducted, it is irrelevant to whether a clerical error was committed because the compliance with or use of industry standards is a judgment determination that is outside the realm of a clerical error as a matter of law.

Lack's also contends that the affidavit of Rolando Garza should have been excluded because it was incompetent and was further controverted by the testimony provided by Lack's in response to HCAD's motion for summary judgment. We disagree. The testimony that controverted Mr. Garza's affidavit focused merely on the substantive, computational processes used when determining market value. The testimony did not controvert the objective facts of the case nor did it raise any factual issues relevant to the issue of whether any clerical errors had been committed pursuant to section 25.25(c) of the Tax Code. *See id.* Mr. Garza's affidavit was properly considered as evidence in the motion for summary judgment. We overrule issues one and two.

10

Because we have determined that the summary judgment was proper, we overrule Lack's third issue that seeks reasonable attorney's fees and expenses.

## IV.   CONCLUSION

We conclude that the trial court did not err by granting summary judgment. The judgment of the trial court is affirmed.


ROSE VELA
Justice

Delivered and filed the
23rd day of June, 2011.